THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNY JOHNSON, individually and on behalf of a class of persons similarly situated, and on behalf of the Providence Health & Service 403(b) Value Plan,<br><br>Plaintiff,<br>v.<br><br>PROVIDENCE HEALTH & SERVICES, *et al.*,<br><br>Defendants. | CASE NO. C17-1779-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to strike affirmative defenses (Dkt. No. 36). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.      **BACKGROUND**

Plaintiff Jenny Johnson ("Johnson") brings this putative class action against Providence Health & Services, the Providence Health & Human Resources Committee, and other Providence employees currently unknown (collectively "Providence") for alleged breach of fiduciary duties pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (Dkt. No. 1 at 1.) The Court provided a detailed factual background of

this case in a prior order that it will not repeat. (*See* Dkt. No. 21 at 1–3.) On March 22, 2018, the Court granted in part and denied in part Providence's motion to dismiss the complaint. (*Id*. at 17.) Providence subsequently filed an answer, which asserts 21 affirmative defenses. (*See* Dkt. No. 26 at 29–33.) Johnson filed this motion asking the Court to strike the following affirmative defenses: (1) lack of standing; (2) bad faith; (3) the safe harbor provision in ERISA § 404(c); failure to satisfy Federal Rule of Civil Procedure 23; and (5) a reservation of rights to assert additional defenses. (Dkt. No. 36 at 7–8.) Providence asks the Court to deny the motion because its assertion of the aforementioned defenses is proper. (Dkt. No. 37 at 4–5.)

## II.     DISCUSSION

### A.     Legal Standard for Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). To determine whether a defense is "insufficient" under Rule 12(f), the Court asks whether it gives the plaintiff fair notice of the defense. *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

         1.     Lack of Standing.

Providence's first affirmative defense states: "Plaintiff lacks constitutional and statutory standing to bring the claims alleged." (Dkt. No. 26 at 29.) Johnson argues that standing is not an affirmative defense, but a threshold matter that the Court has already addressed as part of Providence's motion to dismiss. (Dkt. No. 36 at 9–10.)

A plaintiff must establish that she has standing to bring suit in federal court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal court jurisdiction bears the burden of establishing [standing]."). Several courts in the Ninth Circuit have recognized that

because standing is inherently part of a plaintiff's burden of proof, an alleged lack of standing cannot be pled as an affirmative defense. *See, e.g.*, *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015); *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). The Court agrees that a lack of standing is not an affirmative defense to a plaintiff's claims. Moreover, the Court has already ruled that Johnson met her threshold burden to establish standing. (*See* Dkt. No. 21 at 7.)

For those reasons, the Court STRIKES Providence's first affirmative defense without leave to amend. However, the Court notes that the issue of standing, like subject matter jurisdiction, can be raised at any time, whether by the parties or by the Court. *See Ctr. For Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009).

### 2. Bad Faith.

Providence's seventh affirmative defense states:

> The claims alleged in the Complaint were brought in bad faith and on the basis of insufficient factual investigation by Plaintiff and Plaintiff's counsel, resulting in an unreasonable and vexatious proceeding. Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g), 28 U.S.C. § 1972, Defendant's costs and attorney's fees should be assessed against Plaintiff and Plaintiff's counsel and awarded to counsel.

(Dkt. No. 26 at 30–31.) Johnson argues that Providence's assertion of bad faith is not an affirmative defense but simply another way of stating Johnson cannot "meet her burden of proof." (Dkt. No. 36 at 11.) The Court agrees. By definition, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Providence's bad faith claim implicitly requires that Johnson be unable to meet her burden of proof; otherwise her claims would not result "in an unreasonable and vexatious proceeding." (Dkt. No. 26 at 30–31.)

On this basis, the Court STRIKES Providence's seventh affirmative defense without leave to amend. This ruling does not, however, preclude Providence from filing a future motion for costs or attorney fees pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g), or 28 U.S.C. § 1972, if it believes after discovery and resolution on the merits that Johnson brought her claims

in bad faith.[1]

### 3. ERISA Section 404(c).

Providence's ninth affirmative defense states: "Plaintiff's claims, and those of the members of the putative classes, are barred in whole or in part by ERISA § 404(c), to the extent that Plaintiff's claims are based on Plaintiff's exercise or deemed exercise of independent control over her individual accounts." (Dkt. No. 26 at 31.) Johnson asserts that this affirmative defense should be stricken because "Defendants fail to plead how Plaintiff's exercise or deemed exercise of control in selecting investments from the menu constructed by Defendants is essential or important to Plaintiff's claims, which hinge on Defendant's fiduciary duty to select and maintain prudent investment options." (Dkt. No. 36 at 12–13.) Providence counters that Johnson is effectively trying to use this motion to strike as a motion for summary judgment by arguing the merits of its affirmative defense. (Dkt. No. 36 at 12.) The Court agrees with Providence.

"Rule 12(f) does not authorize the Court to adjudicate claims on their merits." *Paulson v. Snohomish Cty. Wash.*, No. C09-0377-JCC, slip op. at 7 (W.D. Wash. Sept. 14, 2009). Johnson's request to strike is not based on a lack of fair notice regarding Providence's section 404(c) defense, but on a characterization of the facts and law that underlie her complaint. (Dkt. No. 26 at 31.) In other words, Johnson's request to strike goes directly to the merits of Providence's defense. It may turn out that under the relevant facts and law Providence will be unable to succeed on this defense; however, that determination should not be made on a motion to strike, but on a motion for summary judgment. *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858 (9th Cir. 2007) ("Adjudication on the merits must await summary judgment or trial.")

Johnson's motion to strike Providence's ninth affirmative defense is DENIED.

### 4. Rule 23.

Providence's twenty-first affirmative defense states: "This action may not be maintained

---

[1] Defendants' answer includes under its "Prayer for Relief" section a request that they be "awarded their costs, attorney's fees, and expenses incurred herein." (Dkt. No. 26 at 33–34.)

as a class action because Plaintiff cannot satisfy the prerequisites of Federal Rule of Civil Procedure 23." (Dkt. No. 26 at 33.) Johnson argues that this does not represent an affirmative defense because even if the Court did not certify her proposed class, Johnson's lawsuit would proceed on behalf of herself and the retirement plan at issue. (Dkt. No. 15 at 36.)

A defendant's assertion that a plaintiff cannot meet the Rule 23 class certification requirements does not represent an affirmative defense, but a rebuttal of the plaintiff's class allegations. *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (defendant's assertion that "a class cannot be certified under Federal Rule of Civil Procedure 23" is not an affirmative defense but a restatement "of the denials present in the answer to the complaint.") Providence specifically denied Johnson's class allegations in its answer. (Dkt. No. 26 at 27.) It is both incorrect and redundant for Providence to assert Johnson's inability to meet the Rule 23 requirements as an affirmative defense.

Therefore, Johnson's motion to strike Providence's twenty-first affirmative defense is GRANTED without leave to amend. This ruling does not preclude Providence from challenging a future motion for class certification pursuant to Rule 23.

          5. <u>Reservation of Defenses.</u>

At the end of its affirmative defenses, Providence states: "Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense." (Dkt. No. 26 at 33.) Johnson asks the Court to strike this "reservation of rights" because it is not itself an affirmative defense. (Dkt. No. 36 at 16.)

Federal Rule of Civil Procedure lays out the requirements for amending a pleading, to include filing additional affirmative defenses. *See* Fed. R. Civ. P. 15. Rule 15 does not require a party to reserve the right to assert additional defenses. *E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010) ("Rule 15 does not require a defendant to

'expressly reserve' unnamed affirmative defenses in its answer") (citation omitted). Providence's reservation of rights language is therefore immaterial to its affirmative defenses. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.") (citation and internal quotation marks omitted). Therefore, Johnson's motion to strike Providence's reservation of rights to assert additional defenses is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike (Dkt. No. 36) is GRANTED in part and DENIED in part. In accordance with its order, the Court STRIKES Providence's affirmative defenses 1, 7, 21, and its reservation of rights to assert additional defenses, without leave to amend.

DATED this 18th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE