THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNY JOHNSON, individually and on behalf of a class of persons similarly situated, and on behalf of the Providence Health & Service 403(b) Value Plan,<br><br>Plaintiff,<br>v.<br><br>PROVIDENCE HEALTH & SERVICES, *et al.*,<br><br>Defendants. | CASE NO. C17-1779-JCC<br><br>ORDER |

This matter comes before the Court on the Parties stipulated protective order (Dkt. No. 42). Pursuant to the parties' stipulation, the Court ORDERS as follows:

1.     PURPOSES AND LIMITATIONS

The Parties acknowledge that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal

1 principles, and it does not presumptively entitle parties to file confidential information under

2 seal.

3 2.    "CONFIDENTIAL" MATERIAL

4    "Confidential" material shall include any document, material, or information supplied in

5 any form, or any portion thereof, which contains confidential or proprietary business,

6 commercial, research, personal, personnel, process, product, or financial information of the

7 producing party or non-party, including, without limitation,  discussions of business operations,

8 processes, and procedures; personally identifiable information such as social security numbers;

9 proprietary software or systems; proprietary edits or customizations to software; proprietary

10 product information; margin, cost, and pricing information; trade secrets; confidential research

11 and analysis; board materials, discussions, and presentations; executive or committee meeting

12 minutes, materials, discussions, and presentations; interactions with government regulatory

13 bodies; negotiation strategies; information or data relating to strategic plans; data received from a

14 non-party pursuant to a current Non-Disclosure Agreement; commercial agreements; settlement

15 negotiations; and settlement agreements; and Plaintiff's investment balances in the Plan, the

16 account or routing numbers of any of Plaintiff's bank or retirement accounts, her address, her

17 employment or personnel file and any other information protected under Federal Rule of Civil

18 Procedure 5.2.  A designation by a party or non-party of Confidential Information shall constitute

19 a representation to the Court that such party or non-party believes in good faith that the

20 information constitutes Confidential Information.  The parties and non-parties shall make a

21 good-faith effort to designate information only as needed.

22 3.    SCOPE

23    The protections conferred by this agreement cover not only confidential material (as

24 defined above), but also (1) any information copied or extracted from confidential material; (2)

25 all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

26 conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

        4.1      Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

        4.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

                (a)      the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

                (b)      the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

                (c)      experts, consultants, and service providers, to whom disclosure is reasonably necessary for this litigation, including settlement of same, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

                (d)      the Court, court personnel, and court reporters and their staff;

                (e)      copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is
reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of
transcribed deposition testimony or exhibits to depositions that reveal confidential material must
be separately bound by the court reporter and may not be disclosed to anyone except as permitted
under this agreement;

(g)     the author or recipient of a document containing the information or a
custodian or other person who otherwise possessed or knew the information.

(h)     any mediator retained by the Parties or appointed by the Court in this
action and employees of such mediator who are assisting in the conduct of the mediation.

4.3     Filing Confidential Material. Before filing confidential material or discussing or
referencing such material in court filings, the filing party shall confer with the designating party
to determine whether the designating party will remove the confidential designation, whether the
document can be redacted, or whether a motion to seal or stipulation and proposed order is
warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the
standards that will be applied when a party seeks permission from the court to file material under
seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party
or non-party that designates information or items for protection under this agreement must take
care to limit any such designation to specific material that qualifies under the appropriate
standards.  Except with regard to depositions and/or deposition transcripts as addressed in section
5.2(b) *infra*, designating material on a document-by-document basis qualifies as exercising the
requisite reasonable care.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are
shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

1  unnecessarily encumber or delay the case development process or to impose unnecessary

2  expenses and burdens on other parties) expose the designating party to sanctions.

3      If it comes to a designating party's attention that information or items that it designated

4  for protection do not qualify for protection, the designating party must promptly notify all other

5  parties that it is withdrawing the mistaken designation.

6      5.2    Manner and Timing of Designations. Except as otherwise provided in this

7  agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

8  ordered, disclosure or discovery material that qualifies for protection under this agreement must

9  be clearly so designated before or when the material is disclosed or produced.

10          (a)    Information in documentary form: (*e.g.*, paper or electronic documents

11  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

12  proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

13  contains confidential material. If only a portion or portions of the material on a page qualifies for

14  protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

15  making appropriate markings in the margins).

16          (b)    Testimony given in deposition or in other pretrial proceedings: the parties

17  and any participating non-parties may identify on the record, during the deposition or other

18  pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

19  testimony after reviewing the transcript. Any party or non-party may, within twenty business

20  days after receiving the final transcript of the deposition or other pretrial proceeding, designate

21  portions of the transcript, or exhibits thereto, as confidential.  Until that 20-business-day period

22  has expired, all testimony shall be treated as confidential.  If a party or non-party desires to

23  protect confidential information at trial, the issue should be addressed during the pre-trial

24  conference.

25          (c)    Other tangible items: the producing party must affix in a prominent place

26  on the exterior of the container or containers in which the information or item is stored the word

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

1    other parties) may expose the challenging party to sanctions. All parties shall continue to

2    maintain the material in question as confidential until the Court rules on the challenge.

3    7.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

4          <u>LITIGATION</u>

5          If a party is served with a subpoena or a court order issued in other litigation that compels

6    disclosure of any information or items designated in this action as "CONFIDENTIAL," that

7    party must:

8          (a)      promptly notify the designating party in writing and include a copy of the

9    subpoena or court order;

10         (b)      promptly notify in writing the party who caused the subpoena or order to

11    issue in the other litigation that some or all of the material covered by the subpoena or order is

12    subject to this agreement. Such notification shall include a copy of this agreement; and

13         (c)      cooperate with respect to all reasonable procedures sought to be pursued

14    by the designating party whose confidential material may be affected.

15    8.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

16          If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

17    material to any person or in any circumstance not authorized under this agreement, the receiving

18    party must immediately (a) notify in writing the designating party of the unauthorized

19    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

20    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

21    this agreement, and (d) request that such person or persons execute the "Acknowledgment and

22    Agreement to Be Bound" that is attached hereto as Exhibit A.

23    9.      <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

24          <u>MATERIAL</u>

25          When a producing party gives notice to receiving parties that certain inadvertently

26    produced material is subject to a claim of privilege or other protection, the obligations of the

1  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

2  provision is not intended to modify whatever procedure may be established in an e-discovery

3  order or agreement that provides for production without prior privilege review. The parties agree

4  to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

5  10.    NON TERMINATION AND RETURN OF DOCUMENTS

6         Within 60 days after the termination of this action, including all appeals, each receiving

7  party must destroy or return all confidential material to the producing party, including all copies,

8  extracts and summaries thereof.  If a Party chooses to destroy confidential material, then the

9  Party's counsel shall execute a certificate of compliance and deliver the same to counsel for the

10 producing Party within the 60 days discussed above.

11        Notwithstanding this provision, counsel are entitled to retain and sequester one archival

12 copy of all documents filed with the court, trial, deposition, and hearing transcripts,

13 correspondence, deposition and trial exhibits, expert reports, attorney work product, and

14 consultant and expert work product, even if such materials contain confidential material.

15        The confidentiality obligations imposed by this agreement shall remain in effect until a

16 designating party agrees otherwise in writing or a court orders otherwise.

17

18              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19 DATED: May 31, 2018                    *s/ Mark K. Gyandoh*
                                          Mark K. Gyandoh (admitted *pro hac vice*)
20                                        Attorney for Plaintiff

21

22 DATED: May 31, 2018                    *s/ Cliff Cantor*
                                          Cliff Cantor, WSBA # 17893
23                                        Attorney for Plaintiff

24

25 DATED: May 31, 2018                    *s/ Meaghan VerGow*
                                          Meaghan VerGow (admitted *pro hac vice*)
26                                        Attorney for Defendants

1        PURSUANT TO STIPULATION, IT IS SO ORDERED

2        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other

4  proceeding in any other court, constitute a waiver by the producing party of any privilege

5  applicable to those documents, including the attorney-client privilege, attorney work-product

6  protection, or any other privilege or protection recognized by law.

7        DATED this 4th day of June 2018.

8

9

10

                    John C. Coughenour
11                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Jenny Johnson v. Providence Health & Human Services, et al.*, C17-1779-JCC (W.D.

Wash. 2017). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____