The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

JENNY M. JOHNSON, individually and on behalf of a class of persons similarly situated, and on behalf of the Providence Health & Services 403(b) Value Plan, the Providence Health & Services Multiple Employer 401(k) Plan, and the Providence Health & Services 401(a) Service Plan,

Plaintiff,

v.

PROVIDENCE HEALTH & SERVICES, PROVIDENCE HEALTH & SERVICES HUMAN RESOURCES COMMITTEE, THE RETIREMENT PLANS COMMITTEE, THE INVESTMENT REVIEW COMMITTEE and JOHN AND JANE DOES #1-25,

Defendants.

No.  C17-1779 JCC

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASSES, APPOINTMENT OF CLASS COUNSEL, APPROVAL OF CLASS NOTICE, AND SCHEDULING OF FAIRNESS HEARING

NOTE ON MOTION CALENDAR:
Friday, February 15, 2018

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................1

II.  BACKGROUND ..................................................................................2

   A.   Summary of Claims ......................................................................2

   B.   Procedural History and Discovery ...............................................3

   C.   Settlement Negotiations ...............................................................4

III. OVERVIEW OF THE SETTLEMENT AGREEMENT .......................4

   A.   The Settlement Class.....................................................................4

   B.   The Settlement Relief ...................................................................5

   C.   Notice to Class Members .............................................................6

   D.   Released Claims ............................................................................7

   E.   Case Contribution Award, Attorneys' Fees and Costs ..............7

IV.  THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ...................7

   A.   Plaintiff and Her Counsel Have Diligently Prosecuted the Action and Negotiated the Settlement Agreement at Arm's Length .........................................9

   B.   The Relief Provided is Adequate in Light of the Costs, Risks and Delay of Litigation.......................................................10

   C.   The Settlement Provides an Effective Means of Distributing the Settlement Fund to Class Members........................................13

   D.   The Provisions of the Settlement Related to Attorneys' Fees are Reasonable ......13

   E.   The Settlement Treats Class Members Equitably Relative to Each Other ...........14

V.   THE COURT SHOULD PRELIMINARILY CERTIFY THE CLASS ...........................15

   A.   The Rule 23(a) Factors Are Satisfied.........................................15

      1.   Numerosity.........................................................................15

      2.   Commonality......................................................................16

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- i -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

3.      Typicality ................................................................................16

4.      Adequacy .................................................................................17

B.      The Rule 23(b) Factors Are Satisfied ....................................................18

VI.     THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN ......................21

VII.    PROPOSED SCHEDULE ...........................................................................21

VIII.   CONCLUSION.........................................................................................23

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ..........................................................19

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ...................................7

*Donovan v. Cunningham*, 716 F.2d 1455, 1467 (5th Cir. 1983) ....................................11

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) ........................17

*Gudimetla v. Ambow Educ. Holding*, No. 12-5062,
    2015 WL 12752443 (C.D. Cal. Mar. 16, 2015) ........................................................10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .............................1, 10, 13, 17

*Hanon v. Dataprods. Corp.*, 976 F.2d 497 (9th Cir. 1992) ............................................17

*In re Biolase, Inc. Sec. Litig.*, No. 13-1300,
    2015 WL 12720318 (C.D. Cal. Oct. 13, 2015) ........................................................10

*In re Estate of Cooper*, 81 Wash.App. 79 (1996) ..........................................................11

*In re Howrey LLP*, No. 14-3062, 2014 WL 3427304 (N.D. Cal. Jul. 14, 2014) ..............7

*In re LJ Int'l Inc. Sec. Litig.*, No. 07-6076,
    2009 WL 10669955 (C.D. Cal. Oct. 19, 2009) ........................................................10

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
    No. 02-1484, 2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ........................................10

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008)..........................10

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ......................14

*In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585 (3d Cir. 2009)........................16

*In re Synocor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) ............................................8

*K.M. v. Regence Blueshield*, No. 13-1214, 2014 WL 801204
    (W.D. Wash. Feb. 27, 2014)......................................................................................16

*Mazza v. Am. Honda Motor Co., Inc.*, 666 F. 3d 581 (9th Cir. 2012) ...........................16

*McCluskey v. Trs. of Red Dot ESOP & Trust*, 268 F.R.D. 670 (W.D. Wash. 2010).........15, 18, 19

*Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948 (9th Cir. 2016),
    *as amended on denial of reh'g and reh'g en banc* (Aug. 18, 2016)..........................20

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- iii -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

*Mullane v. Cent. Hanover Bank Tr. Co.*, 339 U.S. 306 (1950) ....................................21

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004).........................................................................10

*Newman v. CheckRite Cal., Inc.*, 1996 WL 1118092 (E.D. Cal. Aug. 2, 1996)...........16

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ...............................................................................11

*Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537 (W.D. Wash. 2009) ...............................15

*Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157 (9th Cir. 2013) ..........................15

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ..........................9, 10, 14

*United Steel Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*,
    593 F.3d 802 (9th Cir. 2010) ...............................................................................12

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976) .......................................7

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ....................................................8

*White v. Chevron Corp.*, No. 16-793, 2017 WL 2352137 (N.D. Cal. May 31, 2017),
    *aff'd*, No. 17-16208, 2018 WL 5919670 (9th Cir. Nov. 13, 2018) ........................11

*Wit v. United Behavioral Health*, 317 F.R.D. 106 (N.D. Cal. 2016).............................19

*Z.D. ex rel. J.D. v. Grp. Health Co-op.*, No. 11–1119,
    2012 WL 1977962 (W.D. Wash. Jun. 1, 2012).....................................................19

**Statutes**

28 U.S.C. § 1715.............................................................................................................34

29 U.S.C. § 1001, *et seq*...................................................................................................1

29 U.S.C. § 1002(7) .........................................................................................................3

29 U.S.C. § 1104..............................................................................................................3

29 U.S.C. § 1104(a) .........................................................................................................3

29 U.S.C. § 1104(c) .........................................................................................................4

29 U.S.C. § 1106..............................................................................................................3

29 U.S.C. § 1132(a) ....................................................................................................3, 27

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- iv -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

29 U.S.C. §§ 1109(a) ................................................................................27

R.W.C. § § 11.100.020 ................................................................................11

## Rules

Federal Rule of Civil Procedure 12(b)(1) ................................................................3

Federal Rule of Civil Procedure 12(b)(6) ................................................................3

Federal Rule of Civil Procedure 23(a) ................................................15, 17, 18

Federal Rule of Civil Procedure 23(b)(1)(A) ................................................18, 19, 20

Federal Rule of Civil Procedure 23(b)(1)(B) ................................................19, 20

Federal Rule of Civil Procedure 23(e) ................................................1, 8, 9, 13, 14

Federal Rule of Civil Procedure 23(g) ................................................18, 19

## Treatises

MANUAL FOR COMPLEX LITIGATION, FOURTH ................................................8

*Newberg on Class Actions*, Vol. 3 (5th ed. updated 2015) ................................................8, 16, 21

## Regulations

29 C.F.R. § 2560.503-1(b)(5) ................................................................................19

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- v -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1

## I.   INTRODUCTION

2   Plaintiff Jenny M. Johnson ("Plaintiff") moves for preliminary approval of a class action

3   settlement (the "Settlement") and preliminary certification of the proposed Class pursuant to

4   Rules 23(e), (a) and (b)(1) of the Federal Rules of Civil Procedure.  The Settlement will require

5   Providence to pay $2,250,000 to establish a settlement fund for the benefit of Plaintiff and the

6   proposed Class Members.[1]

7   Plaintiff brings this case under the Employee Retirement Income Security Act of 1974, as

8   amended, 29 U.S.C. § 1001, *et seq.* ("ERISA") and the Washington Trust Act of 1984, to

9   challenge Defendants' management decisions regarding the Providence Health & Services

10  403(b) Value Plan (the "403(b) Plan"), the Providence Health & Services 401(a) Service Plan

11  (the "401(a) Plan"), and the Providence Health & Services Multiple Employer 401(k) Plan (the

12  "401(k) Plan") (collectively, the "Plans"). Plaintiff, a participant in each of the Plans, alleges that

13  Defendants, as Plan fiduciaries, breached their fiduciary duties of loyalty and prudence by

14  offering investment options with excessively high fees instead of lower-cost alternatives from

15  November 28, 2011 to the present ("Class Period"), causing the Plans to pay excessive revenue

16  sharing to the Plans' recordkeeper, Fidelity Workplace Services, LLC ("Fidelity"). Am. Compl.

17  at ¶¶ 1-4.

18  The proposed Settlement is an excellent recovery that provides substantial benefit to

19  Class Members, and is fair, adequate, and reasonable under the governing standards for

20  evaluating class action settlements in this circuit. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d

21  1011, 1026 (9th Cir. 1998). The Settlement was reached after extensive legal and factual

22  investigation, discovery, vigorous advocacy, and arm's-length negotiations by counsel for the

23  Parties, who are experienced in complex ERISA litigation. Porter Decl.at ¶ 9. As set forth in

24  ───────────────────

25  [1]   Class Members are individuals who are within the proposed Settlement Class. All
capitalized terms used herein have the meanings set forth and defined in the Settlement
26  Agreement (the "SA"). A true and accurate copy of SA and its exhibits are attached to the
Declaration of Gregory Y. Porter in Support of Motion for Preliminary Approval ("Porter
27  Decl."), which is filed concurrently.

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC                                    - 1 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

detail below, all prerequisites for preliminary approval of the Settlement have been met, and it is the opinion of proposed Class Counsel that this Settlement merits preliminary—and ultimately final—approval.

Accordingly, Plaintiff respectfully requests that the Court: (1) grant preliminary approval of the settlement; (2) preliminarily certify the proposed classes; (3) appoint Bailey & Glasser LLP; Izard, Kindall & Raabe, LLP; and Kessler Topaz Meltzer Check, LLP as Co-Lead Class Counsel; and Clifford A. Cantor as Liaison Counsel; (4) appoint Jenny M. Johnson as Class Representative; (5) approve the proposed notice plan; and (6) set a date for a Fairness Hearing.

## II.    BACKGROUND

### A.    Summary of Claims

The claims in this lawsuit arise under the fiduciary duty provisions of ERISA and the Washington Trust Act of 1984, which require fiduciaries to prudently and loyally manage the assets of the plans they oversee. *See* ERISA 404(a), 29 U.S.C. §§ 1104(a) and R.C.W. § 11.100.020. Plaintiff alleges that during the Class Period, Defendants breached their fiduciary duties in violation of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104, 1106, and R.C.W. § 11.100.20 as further described below.

Plaintiff and the proposed Class Members are participants in the Plans, which are all retirement plans that Providence offers to its employees.  *See* Am. Compl. at ¶¶ 17, 27, 37 and 43. The Plans offer participants over 50 mutual funds and the option of a self-managed brokerage account. *Id.* at ¶¶ 30, 40 and 48. Plaintiff alleges Defendants, who selected the Plans' investment options, included inferior and imprudent funds which charged participants unreasonable and excessive fees. *Id.* at ¶¶ 3-4. Specifically, Plaintiff alleges there were lower-cost identical mutual funds for many of the Plans' investments, resulting in higher fees those funds than virtually identical alternatives. *Id*. at ¶¶ 90-106. Plaintiff further alleges Defendants retained these funds in the Plans' investment lineup to provide revenue sharing to Fidelity to the detriment of the Plans and their participants. *Id*. at ¶ 104-106. By causing the Plans to invest in imprudent investment options and by failing to remove those imprudent options and replace them with superior, less

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

expensive investment options, Plaintiff alleges Defendants breached their fiduciary duties of loyalty and prudence. *See id.* at ¶¶ 107-120.

Defendants deny and dispute these allegations. *See* ECF No. 26 at 2. They deny that the HR Committee had any fiduciary responsibility with respect to the Plans, deny that they breached any fiduciary duties, and deny violating ERISA. *See id.* Defendants likewise deny that Providence, including the Retirement Plans Committee or the Investment Review Committee, breached its fiduciary duties when administering the Plans or selecting the Plans' investment options. *Id.* Defendants also claim that ERISA § 404(c), 29 U.S.C. § 1104(c)—which provides fiduciaries with relief from liability for losses sustained under certain circumstances—protects them from liability for the ERISA claims. *See* ECF No. 26 at 31.

### B.    Procedural History and Discovery

On November 28, 2017, Plaintiff filed her Complaint in the United States District Court for the Western District of Washington (Seattle Division). *See* ECF No. 1. On January 29, 2018, Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff did not have standing and that her claims were meritless. *See* ECF No. 14 at 11-28. Plaintiff filed a Response, to which Defendants replied. *See* ECF No.'s 18, 19. On March 22, 2018, the Court granted Defendants' motion as to Plaintiff's recordkeeping claims but denied it as to the investment management claims. *See* ECF No. 21.

On April 3, 2018, Defendants filed their Answer to Plaintiff's Complaint along with 21 affirmative defenses. *See* ECF No. 26 at 29-33. Plaintiff moved to strike several of those affirmative defenses, including: (1) lack of standing; (2) bad faith; (3) ERISA § 404(c); (4) failure to satisfy Federal Rule of Civil Procedure 23; and (5) reservation of rights to assert additional defenses. *See* ECF No. 36 at 7-8. Ultimately, the Court granted in part, and denied in part, Plaintiff's motion. *See* ECF No. 39.

From April to August 2018, the Parties engaged in discovery by exchanging interrogatories and requests for production.  Proposed Class Counsel reviewed and analyzed thousands of pages of documents produced by Defendants. Porter Decl. at ¶¶ 7-8.  This work

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

allowed Class Counsel to fully assess the strengths and weaknesses of Plaintiff's claims.  *Id.* at ¶¶ 9-11.  During this time, Plaintiff also retained a business and economic consultant to evaluate case materials and opine on damages. *Id.* at ¶ 8.

### C.    Settlement Negotiations

In October, 2018, the Parties began to discuss the possibility of a settlement. *Id.* at ¶ 9. Throughout discovery, proposed Class Counsel carefully evaluated the Plaintiff's potential (and most likely) recovery as well as the underlying merits of the case. *Id.* at ¶¶ 7-8. Then, counsel for Plaintiff and Defendants had extensive telephonic and email discussions concerning settlement. *Id.* at ¶ 9.  In November 2018, after weeks of negotiations, the Parties reached an agreement in principle to settle the case. *See* ECF No. 47 at 2.

On November 7, 2018, the Court stayed all pretrial deadlines for 60 days to give the Parties time to finalize the terms of the Settlement and prepare this Motion. *See* ECF No. 48. The Court continued the stay for an additional 21 days on January 3, 2019.  *See* ECF No. 50.   During this time, Class Counsel reviewed hundreds of pages of new information from the Defendants regarding the 401(a) Plan and the 401(k) Plan, including their financial statements, plan documents and other materials.  Porter Decl. at ¶ 9.  This review allowed Class Counsel to fully evaluate the potential claims regarding these plans, as well as to analyze their inclusion in the Settlement. *Id.* at ¶¶ 10-11. After Class Counsel conducted this review and analysis, the Parties were able to agree on the terms set forth in the Settlement Agreement, which are explained in more detail below. *Id.* at ¶ 9.

## III.    OVERVIEW OF THE SETTLEMENT AGREEMENT

The terms and conditions of the Settlement are set forth in the Settlement Agreement. *See* Exhibit 1 to Porter Decl.  Below is a summary of the Settlement Agreement's terms:

### A.    The Settlement Class

The Settlement resolves all claims of current and former participants in the Plans from November 28, 2011, to the present. *See* SA at §§ 1.26 and 1.27. To effectuate the Settlement, Defendants have agreed not to oppose the certification of the Settlement Class, defined as:

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

> All Current and Former Participants in the Providence Health & Services 401(a) Service Plan (the "401(a) Plan"), the Providence Health & Services Multiple Employer 401(k) Plan (the "401(k) Plan"), the Providence Health & Services 403(b) Value Plan (the "403(b) Plan" and collectively, "the Plans") or in any predecessor plan merged into one of the Plans, or in any successor plan into which one of the Plans may be merged, who maintained a balance of any amount in the Plans at any point during the period from November 28, 2011 to the date of entry of the Preliminary Approval Order.

*Id.* at 2.2. The Settlement Classes do not include Defendants. *Id.*

### B.     The Settlement Relief

Under the Settlement Agreement, Providence will contribute $2,250,000 to the "Settlement Fund"). *Id.* at §§ 2.6, 3.1. The Settlement Fund will be used to compensate Settlement Class Members, to administer the Settlement, to provide notice to Settlement Class Members and to pay any attorneys' fees, expenses and Case Contribution Award that the Court may order. *Id.* at § 3.1. The Settlement Fund will also be used to pay the costs of an Independent Fiduciary, not to exceed $25,000, to review the Settlement. *Id.* at §§ 2.9, 3.1(j)(4).

After the payment of costs, expenses and fees described above, the Settlement Fund will be distributed to Class Members. *Id.* at § 3.2. Settlement Class Members will not have to make a claim to receive their share of the Settlement Fund. The amount distributed will be on a pro rata basis, based on account balances, a proxy for the alleged losses, as fully described in the Plan of Allocation attached to the Settlement Agreement. *Id.* at Exhibit C. Current participants will receive their share of the Settlement Fund through an electronic distribution to their Plan accounts. *Id.* at § 3.2(d). Former Participants will be paid by check, which must be cashed within 90 days of issuance. *Id.* These checks will be sent to Former Participants at the current address maintained by the Settlement Administrator. *Id.* If any checks to Former Participants remain uncashed after ninety (90) days from the issuance date, the money will return to the Settlement Fund and will be used to pay the costs associated with hiring the Independent Fiduciary, in the event costs exceed $25,000. *Id.* Because of the additional expense involved in sending checks, and the likelihood that smaller checks will not be cashed, Former Participants whose payment

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  under the Settlement would be less than ten dollars ($10.00) will not receive a payment. *Id.*, at §

2  3.2(d).

3        Any moneys remaining in the Settlement Fund after distributions will be distributed to

4  the Plans. *Id.* at § 3.2(f). To the extent the remaining funds exceed $5,000, they will be

5  electronically distributed to Settlement Class Members who, at the time of the distribution,

6  maintain a balance in the Plans. *Id.* If the remaining funds total less than $5,000, they will be

7  used to offset Plan expenses and future contributions. *Id.* Thus, none of the Settlement Fund will

8  revert to Defendants.

9      **C.**    **Notice to Class Members**

10        The proposed Notice to the Class is attached as Exhibit B to the Settlement Agreement.

11  Current and Former Participants of the Plans will be notified by email and/or mail. *Id.* at

12  § 2.10(a). Providence will provide the Settlement Administrator the names and last known

13  addresses of Class Members for the purposes of providing notice. *Id.* Within thirty (30) days of

14  the entry of a Preliminary Approval Order, the Settlement Administrator shall notify, by first-

15  class mail or by email (if available), Settlement Class Members. *Id.* The Settlement

16  Administrator will run available addresses through the National Change of Address database

17  before mailing (with all returned mail skip-traced and promptly re-mailed). *Id.* The Settlement

18  Administrator will also establish a Settlement Website that contains relevant information about

19  the Settlement, including the Settlement Agreement (and its exhibits). *Id.* at § 2.12. The Notice

20  will identify the web address of the Settlement Website. *Id.*; *see also id.* at Exhibit B.

21        The proposed Notice informs Class Members about the Action, the definition of the class,

22  the claims, issues, and defenses raised, that a Class Member may enter an appearance through an

23  attorney if the member so desires, the terms of the Settlement, including the release and the

24  binding effect of the Settlement, and the procedures for objecting to the Settlement. *See* SA at

25  Exhibit B.

26

27

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

**D.     Released Claims**

Plaintiff and the Class Members will provide a release to Defendants and the other Released Parties covering the claims that were or could have been asserted in the Amended Complaint or Defendants' defenses to those claims.  *Id*. at § 1.32.  Excluded from the scope of the release is the 401(a) Plan's status as a "church plan" under ERISA § 3(33), 29 U.S.C. § 1002(33) and Class Members' individual claims for benefits that are otherwise due under the terms of the Plans.  *Id*. at 1.32.

**E.     Case Contribution Award, Attorneys' Fees and Costs**

Plaintiff will ask the Court to approve a Case Contribution Award not to exceed three thousand dollars ($3,000.00). *Id.* at § 7.1. Any Case Contribution Award approved by the Court will be paid from the Settlement Fund within thirty (30) days of the Settlement's effective date. *Id.* at § 7.1(b). The Settlement Agreement also provides that Class Counsel may seek an award of attorneys' fees not to exceed 25% of the Settlement Fund, plus reimbursement of expenses. *Id.* at § 7.2(a).  The Settlement is not contingent on the Court granting Plaintiff's request for a Case Contribution Award or Class Counsel's fee or expense request. *Id.* at §§ 7.1(b), 7.2(b).

**IV.     THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL**

Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Indeed, "there is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also In re Howrey LLP*, No. 14-3062, 2014 WL 3427304, at *5 (N.D. Cal. Jul. 14, 2014). As the Ninth Circuit noted, "there is a strong judicial policy that favors settlements particularly where complex class action litigation is concerned. . . . This policy is also evident in the Federal Rules

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

of Civil Procedure . . . which encourage facilitating the settlement of cases." *In re Synocor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

Under Rule 23, courts considering approval of class action settlements follow a three-step procedure. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH ("MCL"), §§ 21.632 - 21.634 (2015); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). First, a court must preliminarily approve the proposed settlement. *See* MCL § 21.632. Second, notice of the settlement is disseminated to all affected class members. *Id.* § 21.633. Third, the court holds hearing at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented. *Id.* § 21.634. This procedure safeguards the due process rights of class members and enables the court to fulfill its role as the guardian of class interests. *See* William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 13.1 (5th ed. updated 2015).

Preliminary approval of the proposed Settlement is appropriate here because it is both procedurally and substantively fair, adequate, and reasonable. *See* Fed. R. Civ. P. 23(e). Last month, Federal Rule 23 was amended to provide that preliminary approval should be granted, and notice to the class authorized, if "the court will likely be able to . . . approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B)(i).  Rule 23(e)(2), in turn, now codifies factors to be considered in determining whether a settlement merits final approval:

> (A)    the class representatives and class counsel have adequately represented the class;
>
> (B)    the proposal was negotiated at arm's length;
>
> (C)    the relief provided for the class is adequate, taking into account:
>
> (i) the costs, risks, and delay of trial and appeal;
>
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

(iv) any agreement required to be identified under Rule 23(e)(3);[2] and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).  This standard is easily met here.

**A.      Plaintiff and Her Counsel Have Diligently Prosecuted the Action and Negotiated the Settlement Agreement at Arm's Length**

Plaintiff and her counsel have diligently prosecuted this action, after an extensive examination of the documents and legal framework. Porter Decl. at ¶¶ 5-8. Prior to filing the Complaint, Class Counsel engaged in extensive factual and legal research pertaining to the claims, which ultimately resulted in a fifty-five-page Complaint and a similarly thorough Amended Complaint. Porter Decl. at ¶ 5; *see also* ECF No. 1 and Am. Compl.  This investigation included, among other things, a review and analysis of Plan documents, Providence's public disclosures, publicly-available financial statements, governmental filings, and information provided by Plaintiff herself. Porter Decl. at ¶¶ 5-7.  Plaintiff then litigated a Motion to Dismiss and succeeded in overcoming it in substantial part.  Further, Class Counsel propounded written discovery requests, reviewed thousands of pages of documents, and retained an expert to analyze substantial data from a variety of sources to calculate protentional damages. *Id*. at ¶ 8.  And finally, having reviewed sufficient documents to assess the strengths and weaknesses of the case, Plaintiff and her counsel engaged in a process to reach an early and favorable resolution on behalf of the Class. *Id*. at ¶ 9.

The process by which the Settlement was reached is evidence of its fairness. The Ninth Circuit "put[s] a good deal of stock in the product of an arms'-length, non-collusive, negotiated resolution" in approving a class action settlement. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Here, the Settlement Agreement is the product of arms'-length negotiations between experienced attorneys well-versed in ERISA class action litigation and the

---

[2] Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."  There are no agreements, other than the Settlement itself, in this case.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

unique legal and factual issues of this case. Porter Decl. at ¶¶ 10-11.  Additionally, the Parties'

negotiations were informed by numerous documents produced during discovery, a review of

publicly-available sources, and extensive legal research into the claims and potential defenses.

*Id. See also Hanlon*, 150 F.3d at 1027  (finding no basis to disturb the settlement in the absence

of any evidence suggesting "that the settlement was negotiated in haste or in the absence of

information.").

### B.    The Relief Provided is Adequate in Light of the Costs, Risks and Delay of Litigation

To grant final approval, a court must determine that a "settlement is fundamentally fair,

adequate, and reasonable." *Hanlon*, 150 F.3d at 1026. "An important consideration in judging the

reasonableness of a settlement is the strength of the plaintiffs' case on the merits balanced against

the amount offered in the settlement . . . However, in balancing, a proposed settlement is not to be

judged against a speculative measure of what might have been awarded in a judgment in favor of

the class." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D.

Cal. 2004) (internal citations and quotations omitted).

The Settlement Agreement requires Providence to pay $2,250,000.  Based on Plaintiff's

counsel's review of documents and information obtained in discovery and analyses by Plaintiff's

damages expert, the maximum amount of damages Plaintiff would be able to establish at trial for

the Plans was unlikely to exceed $5,000,000.  Porter Decl. at ¶ 8. Thus, the Settlement represents

approximately 45% of the Class's maximum potential damages. *Id*. at ¶ 9. This recovery is

higher than percentage recoveries approved by other courts in this circuit.[3] Accordingly, the

---

[3]    *See Rodriguez*, 563 F.3d at 964–65 (approving a 10% recovery in an antitrust case); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) ("just over 9% of the maximum potential recovery" was "reasonable"); *In re Biolase, Inc. Sec. Litig.*, No. 13-1300, 2015 WL 12720318, at *4 (C.D. Cal. Oct. 13, 2015) (concluding 8% recovery was fair, reasonable, and adequate); *Gudimetla v. Ambow Educ. Holding*, No. 12-5062, 2015 WL 12752443, at *5 (C.D. Cal. Mar. 16, 2015) (approving class action settlement where recovery was only 5.6% of estimated damages); *In re LJ Int'l Inc. Sec. Litig.*, No. 07-6076, 2009 WL 10669955, at *4 (C.D. Cal. Oct. 19, 2009) (approving class action settlement where recovery was only 4.5% of maximum possible recovery); *see also In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02-1484, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (noting that a

---

Settlement Amount is an excellent recovery and supports the fairness, adequacy, and reasonableness of the Settlement. *See Officers for Justice*, 688 F.2d at 628 (holding "a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement . . . unfair").

The adequacy of the Settlement is even more evident when the cost, risk and delay associated with continued litigation are considered.  Despite Plaintiff's confidence in her case, she faces significant hurdles in proving her claims. While "[a] good heart and an empty head are not enough" for defendants to avoid liability (*Donovan v. Cunningham*, 716 F.2d 1455, 1467 (5th Cir. 1983), *cert denied,* 467 U.S. 1251 (1984)), breach of fiduciary duty claims under ERISA and Washington law alike depend heavily on the process by which decisions were made rather than the results of those decisions. *See White v. Chevron Corp.*, No. 16-793, 2017 WL 2352137, at *4 (N.D. Cal. May 31, 2017), *aff'd*, No. 17-16208, 2018 WL 5919670 (9th Cir. Nov. 13, 2018) (finding the "prudence analysis focuses a fiduciary's 'conduct in arriving at an investment decision, not on its results, and ask[s] whether a fiduciary employed the appropriate methods to investigate and determine the merits of a particular investment.'"); *see also In re Estate of Cooper*, 81 Wash.App. 79, 88 (1996) (a court's focus is on a fiduciary's conduct, "not the result"). Further, as this Court noted in its Order on Defendants' Motion to Dismiss, "[t]his is not to say Plaintiff will succeed on her claim that Defendants' investment management decisions were imprudent . . . it may well be the case that Defendants acted prudently." *See* ECF No. 21 at 12.

For Plaintiff, a key consideration in assessing the strength of her claims were the minutes and materials from the committee meetings showing that Defendants evaluated various fund options and, at certain times, removed funds from the Plans' lineups.  Porter Decl. at ¶ 10. Defendants did not, however, remove ***all*** allegedly imprudent funds and continued to include funds that Plaintiff believes paid excessive revenue sharing and were in the wrong share class.

---

settlement representing 6.25% of estimated damages was "at the higher end of the range of reasonableness of recovery[.]").

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

1    Thus, while the issue was not clear-cut, Plaintiff faced significant challenges to establish

2    liability. *Id.*

3         Moreover, if Plaintiff established that Defendants breached their fiduciary duty, proving

4    damages would not be a given. The Plans' use of revenue sharing offset higher recordkeeper fees,

5    making it harder for Plaintiff to prove the entire amount of her claimed damages.  Some funds in the

6    Plans performed well during the proposed Class Period, outperforming their benchmarks and peer

7    group, and even some of the funds Plaintiffs alleged were imprudent had particular years where they

8    performed well, even accounting for the revenue sharing. These factors made Plaintiff's claims more

9    difficult to prove – and for her to reach her maximum amount of damages. *Id.* at ¶¶ 10-11.

10        In addition, the Class is not yet certified. Plaintiff is confident she would prevail on a

11   motion for class certification. However, Plaintiff acknowledges that an order certifying a class

12   may always be revisited. *See United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus.*

13   *& Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir.

14   2010) (Finding "[a] district court may decertify a class at any time.").

15        Assuming Plaintiff obtained class certification, the case would have to proceed through

16   summary judgment briefing before reaching trial, which could result in the dismissal of the

17   remainder of Plaintiff's case. Even if Plaintiff prevailed at trial, Defendants would likely appeal

18   the decision to the Ninth Circuit and might subsequently seek a writ of certiorari from the United

19   States Supreme Court. This continued litigation and subsequent appeals would be time

20   consuming, expensive, and might lead to the reversal of any favorable verdict.  Courts have

21   repeatedly recognized that ERISA cases "often lead…to lengthy litigation." *Krueger v.*

22   *Ameriprise*, 2015 WL 4246879, at * 1 (D. Minn. July 13, 2015).  It is not unusual for ERISA

23   cases like this one to last for a decade or longer.  *See, e.g., Tibble v. Edison Int'l*, 2017 WL

24   3523727, at * 15 (C.D. Cal. Aug. 16, 2017) (outlining issues for trial in a case filed in 2007);

25   *Tussey v. ABB, Inc.*, 2017 WL 6343803, at * 3 (W.D. Mo. Dec. 12, 2017) (requesting proposing

26   findings on the proper amount of damages more than 10 years after the case was filed).

27   Accordingly, this factor supports the proposed settlement.

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

### C.     The Settlement Provides an Effective Means of Distributing the Settlement Fund to Class Members

Section 23(e)(2)(C)(ii) requires the Court to consider the adequacy of the relief provided by the Settlement, taking into account "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims."  Because the proposed Class is comprised of Plan Participants, distribution of the Settlement Fund to class members is simple and straightforward.  Every Settlement Class Member will receive notice of the Settlement. *See* SA at § 2.10. Current Plan Participants that maintain accounts associated with the Plans will have money directly credited to their account. *Id.* at § 3.2(e) and Exhibit C. Former Plan Participants will have funds sent to them by mail. *Id.* at § 3.2(e).  If, after checks have been distributed, any amount remaining in the Settlement Fund that exceeds $5,000 will be electronically distributed to the Settlement Class Members who maintain a balance in the Plans. *Id.* If the amount remaining is less than $5,000, that amount will be used to offset Plan expenses and future contributions. *Id.* at § 3.2(f). None of the Settlement Fund will revert to Defendants. *Id.*  Class Members are not required to submit claims.

### D.     The Provisions of the Settlement Related to Attorneys' Fees are Reasonable

Section 23(e)(2)(C)(iii) requires the Court to consider the adequacy of the relief provided by the Settlement, taking into account "the terms of any proposed award of attorney's fees, including timing of payment."  The provisions of the Settlement Agreement related to Attorneys' Fees are fairly standard.  The Settlement Agreement provides that counsel will request an award of attorneys' fees that is not in excess of 25% of the Settlement Fund, which is the benchmark award in this Circuit.  *Hanlon*, 150 F.3d at 1029.  Moreover, the Settlement Agreement clearly states the Settlement is not contingent on the Court awarding the amount of attorneys' fees that Plaintiff will request, or indeed, any amount. *See* SA at § 7.2(b).  The Settlement provides that the award of attorneys' fees will be paid, along with the distribution to the Class, after the effective date of the Settlement.

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 13 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

All of these provisions are common in class action settlements and none should call into question the fairness or adequacy of the Settlement, particularly at this stage of the litigation. The Class and the Court will have an opportunity to consider the reasonableness of the fee request more fully at the Fairness Hearing.  The Settlement Agreement provides that the motion for attorneys' fees and expenses, plus costs, and a Case Contribution Award to the named Plaintiff will be filed no later than thirty days following the date notice is sent to the Settlement Class, which will provide Settlement Class Members with ample time to review and object to the Settlement and or the proposed fees. *See In re Mercury Interactive Corp.*, 618 F.3d 988, 994-95 (9th Cir. 2010) (finding a court should set a schedule that affords the class an adequate opportunity to review and prepare objections to class counsel's completed fee motion).

> **E.      The Settlement Treats Class Members Equitably Relative to Each Other**

The Proposed Settlement treats class members equitably relative to each other, as required by Federal Rule 23(e)(2)(D).  Class Members will receive a share of the Settlement Fund that is proportional to their investment in the Plans over the Class Period relative to ***all*** Plan investments during the Class Period.

The only differentiating factor between Class Members in the proposed Plan of Allocation is that Former Plan Participants, who will be receiving their distributions by check since they no longer have Plan accounts, will not receive a distribution if their share of the Settlement would come to less than $10. *See* SA at § 3.2(e).  This difference is justified, however, because there is a much greater administrative expense associated with mailing checks than making an electronic transfer, and thus more of the Settlement Fund would be dissipated in expenses and would not benefit the Class.  Furthermore, small checks are often left uncashed, while small amounts that are deposited into an account still go to the benefit of the Class Member. *Id*. at § 3.2(f).

Plaintiff also intends to request an incentive award not to exceed $3,000 for her work prosecuting the case on behalf of the Class. *See* SA at § 7.1(a).  "[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class 'are fairly

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

typical in class action cases.'" *In re Online DVD*, 779 F.3d at 943 (quoting *Rodriguez*, 563 F.3d at 958). Incentive awards are generally approved so long as the awards are reasonable and do not undermine the adequacy of the class representatives. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel").  The $3,000 award proposed here is reasonable under the circumstances and in line with awards approved by federal courts in Washington and elsewhere. *See, e.g., Pelletz*, 592 F. Supp. 2d at 1329-30 n. 9 (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000).  Moreover, as with the Settlement provision relating to Attorneys' Fees, the Settlement clearly states that any incentive award will be solely at the Court's discretion, and the Settlement itself is in no way conditioned on the Court awarding a particular amount, or any amount at all.  SA, § 7.1(b).

Taking into account all factors for consideration, the proposed Settlement clearly merits preliminary approval and full consideration by the Settlement Class.

## V.   THE COURT SHOULD PRELIMINARILY CERTIFY THE CLASS

For settlement purposes only, Plaintiff seeks certification of the Settlement Class because all the applicable certification requirements are satisfied.

### A.   The Rule 23(a) Factors Are Satisfied

#### 1.   Numerosity

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.' " *Hanlon*, 150 F.3d at 1019 (quoting Fed. R. Civ. P. 23(a)(1)). Here, Plaintiff alleges there are over 68,000 participants in the 401(a) Plan alone, and many more when non-duplicative participants in the 401(k) Plan and the 403(b) Plan are counted. *See* Amended Complaint at at 49.[4] The large number of persons in the Settlement Class renders joinder

---

[4]     There were 85,281 participants in the 403(b) Plan and 12,021 participants in the 401(k) Plan at the end of 2017.  *See* Am. Compl. at ¶¶ 32, 42.  Providence employees often participate in more than one of the Plans, as shown by Plaintiff's participation in all three.  *Id.* at ¶ 17.

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 15 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

impracticable. *See McCluskey v. Trs. of Red Dot Corp. ESOP & Trust*, 268 F.R.D. 670, 674 (W.D. Wash. 2010) (Martinez, J.).

## 2.     Commonality

The commonality requirement is satisfied because there are many questions of law and fact common to the Settlement Class. Yet, there need be only a single issue common to all members of the Class. *See K.M. v. Regence Blueshield*, No. 13-1214, 2014 WL 801204, at *13 (W.D. Wash. Feb. 27, 2014) (Jones, J.). ("Commonality only requires a single significant question of law or fact" capable of resolution on a common basis). Also, Plaintiff's burden on commonality is a limited one. *See Mazza v. Am. Honda Motor Co., Inc.*, 666 F. 3d 581, 588-89 (9th Cir. 2012).

In a defined contribution plan such as the ones at issue here, fiduciaries make decisions that affect the entire plan and its participants. The allegation that fiduciaries failed to satisfy their fiduciary obligations when selecting investment options or defraying expenses affects the plan as a whole, not just individual plan participants. To that extent, the issues of Defendants' status as fiduciaries, whether the fees charged were unreasonable, and what a reasonable fee would be, whether Defendants breached their fiduciary duties by retaining imprudent funds, and whether Defendants breached their fiduciary duties by failing to invest in lower-cost share classes, are all common questions that can be resolved "in one stroke." *See Dukes*, 564 U.S. at 350. Because the Investment Review Committee was responsible for the selection and review of investment options for all three Plans, and that the Plans had the same core investment lineup (Porter Decl. at ¶ 7), all of these questions will generate common answers with respect to the proposed Settlement Class. Accordingly, "commonality is quite likely to be satisfied" for ERISA breach of fiduciary duty claims, like the ones made here. *See In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599 n.11 (3d Cir. 2009).

## 3.     Typicality

The commonality and typicality requirements are "closely related and a finding of one will generally satisfy the other." *Newman v. CheckRite Cal., Inc.*, 1996 WL 1118092, *5 (E.D.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

1   Cal. Aug. 2, 1996) (citing *Newberg on Class Actions,* § 3.13 (1977)). Typicality requires that

2   "the claims or defenses of the representative parties are typical" of those of the class. Fed. R.

3   Civ. P. 23(a)(3). "[R]epresentative claims are typical if they are reasonably co-extensive with

4   those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at

5   1020. "Typicality refers to the nature of the claim or defense of the class representative, and not

6   to the specific facts from which it arose or the relief sought." *Hanon v. Dataprods. Corp.*, 976

7   F.2d 497, 508 (9th Cir. 1992).

8          Here, Plaintiff is a participant in all three of the Plans (*see* Am. Compl. at ¶ 17), and her

9   claims are premised on precisely the same conduct as the claims of the proposed Class Members.

10  Plaintiff asserts her claims on behalf of the Plans as a whole, pursuant to 29 U.S.C. §§ 1109(a)

11  and 1132(a) and R.W.C. § 11.100.020. To the extent that Defendants breached their duty, it was

12  breached with respect to the Plans as a whole. To the extent Defendants lacked a prudent process

13  for managing the Plans' investments, that process was defective for the Plans as a whole.

14  Plaintiff does not base her claims on any unique facts specific to herself or her investments. With

15  each member of the Settlement Class asserting the same claims arising from the same conduct by

16  Defendants and seeking the same relief on behalf of the Plans, Plaintiff's claims are certainly

17  typical for purposes of Rule 23(a)(3). Thus, the typicality requirement is satisfied.

18                              **4.      Adequacy**

19         The final Rule 23(a) prerequisite requires that the representative parties have and will

20  continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

21  This factor has two components. First, a named representative must appear able to prosecute the

22  action vigorously through qualified counsel, and second, the representative must not have

23  antagonistic or conflicting interests with the unnamed members of the class. *See Evon v. Law*

24  *Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012). Both elements are satisfied here.

25         Plaintiff has identical interests as the proposed Class Members—seeking to prove

26  Defendants' liability based on common facts and claims and to maximize monetary recovery to

27  the Plans and protect the Plans from excessive fees in the future. Since the damages and

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 17 -

remedies in ERISA breach of fiduciary duties and prohibited transaction claims all go to the Plans as a whole (and are then credited to the accounts of individual participants), Plaintiff has the same interest as any Plan participant: recovering her share of Plan losses. Plaintiff's interests are not antagonistic to any class member. Accordingly, there can be no question that Plaintiff's interests are aligned with those of the Class.

Class Counsel also meet Rule 23(a)'s adequacy requirement.  They have diligently prosecuted this action, drafting a thorough Complaint after an extensive examination of the documents and legal framework. Porter Decl. at ¶¶ 5-11. They have aggressively pursued Plaintiff's claims, defeating Defendants' Motion to Dismiss (in part), moving to dismiss improper affirmative defenses, and conducting discovery to support the claims asserted. Class Counsel have and will fairly and adequately represent the Class's interests.

Additionally, Federal Rule of Civil Procedure 23(g) is satisfied. Rule 23(g) requires that the Court examine the capabilities and resources of class counsel. Here, Class Counsel are experienced in successfully handling ERISA class actions, and have litigated many class actions involving defined contribution retirement plans and investments. Porter Decl. at Exs. 1, 2 and 3. Further, Class Counsel have served or are serving as lead counsel or co-lead counsel for classes in numerous cases alleging breaches of ERISA by defendant fiduciaries. *Id.* ¶ 4. Thus, the Rule 23(a) requirements are satisfied.

### B.      The Rule 23(b) Factors Are Satisfied

Plaintiff's claims should be certified under Rule 23(b)(1). A class may be certified under Rule 23(b)(1) if, in addition to meeting the requirements of Rule 23(a), the prosecution of separate actions by individual class members would create the risk of inconsistent adjudications, which would create incompatible standards of conduct for the defendant, or would as a practical matter be dispositive of the interest of absent members. Fed. R. Civ. P. 23(b)(1)(A) and (B). The risk of inconsistent adjudication and incompatible standards is obvious here: in the absence of certification, two participants could bring identical actions and achieve different results. Courts have certified classes under Rule 23(b)(1) in ERISA cases for that very reason. *See McCluskey*,

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 18 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

268 F.R.D. at 677 ("Where, as here, the primary relief is to the Plan as a whole, then adjudications with respect to any individual member of the class would, as a practical matter, alter the interests of other members of the class . . . Thus, the proposed class clearly falls within Rule 23(b)(1)(B)[.]").

Moreover, the Advisory Committee notes on Rule 23 specifically acknowledge that actions "which charge[] a breach of trust . . . by [a] . . . fiduciary similarly affecting the members of a large class of . . . beneficiaries"— i.e., an action like the present one — "should ordinarily be conducted as class actions" under Rule 23(b)(1). *See* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note to 1966 Amendment; *see also McCluskey*, 268 F.R.D. at 678 (citation omitted) ("Certification is appropriate under Rule 23(b)(1) where plaintiff claims defendants breached their fiduciary duties under ERISA, and any decision on that issue would necessarily affect the interests of other participants"); *Wit v. United Behavioral Health*, 317 F.R.D. 106, 132–33 (N.D. Cal. 2016) ("Certification under Rule 23(b)(1) is particularly appropriate in cases involving ERISA fiduciaries who must apply uniform standards to a large number of beneficiaries.") (citing *Z.D. ex rel. J.D. v. Grp. Health Co-op.*, No. 11–1119, 2012 WL 1977962, at \*7 (W.D. Wash. Jun. 1, 2012) (Lasnik, J.) (stating that "[t]he Court can envision few better scenarios for certification under (b)(1)(A) or (b)(1)(B)" than claims that an ERISA fiduciary's internal policy or practice was illegal.).

An underlying purpose of ERISA is to "provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). As part of that regime, ERISA requires that similarly situated plan participants be treated the same. *See, e.g.*, 29 C.F.R. §2560.503-1(b)(5) (claims procedures regulation requiring that plan provisions be "applied consistently with respect to similarly situated claimants[.]"). This ERISA action is no exception. Plaintiff, and the members of the Class she seeks to represent, are participants of the Plans. They claim Defendants breached their ERISA-mandated fiduciary duties and she is bringing suit in a representative capacity to recover the Plans' losses arising from those breaches. "ERISA [fiduciary] litigation . . . presents a paradigmatic example of a (b)(1) class . . . ." *Ballas*

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 19 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

1  *v. Anthem Blue Cross Life & Health Ins. Co.*, 2013 WL 12119569, at *13 (C.D. Cal. Apr. 29,

2  2013) (citations omitted).

3       This class can be certified under Rule 23(b)(1)(A) because, without question,

4  "inconsistent or varying adjudications with respect to individual class members [] would

5  establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P.

6  23(b)(1)(A). In the present case, there is not simply a significant risk that separate actions would

7  establish differing standards under ERISA, it is a near certainty. For example, an individual

8  plaintiff's award, or whether an individual plaintiff is entitled to an award, may conflict if

9  different courts calculate damages in different ways or if one court orders that no payment be

10  made while another requires payment to a similarly situated participant. With respect to equitable

11  relief, the conflict is even clearer. One court might order the removal of the Defendants as Plan

12  fiduciaries while another holds they should remain. Since Plaintiff sought both monetary and

13  equitable relief in the present action, class certification is proper under Rule 23(b)(1)(A).

14       Class certification is also appropriate under Rule 23(b)(1)(B). *See Moyle v. Liberty Mut.*

15  *Ret. Ben. Plan*, 823 F.3d 948, 965 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en*

16  *banc* (Aug. 18, 2016) (Holding that prosecuting separate actions "would have the result of

17  subjecting [Defendant] to incompatible standards of conduct, a consequence that [Defendant] has

18  previously conceded would likely happen."). As the Advisory Committee Notes to Rule 23

19  expressly recognize, class certification is appropriate under Rule 23(b)(1)(B) in an action that

20  "charges a breach of trust by [a] . . . fiduciary similarly affecting the members of a large class of

21  . . . beneficiaries, and which requires . . . measures to restore the subject of the trust." *See* Fed. R.

22  Civ. P. 23, Advisory Committee Note to Subdivision (b)(1), Clause (B). The present case is

23  precisely the type of case the Advisory Committee references because Plaintiff alleges breaches

24  of fiduciary duties affecting the Plans and their participants. Accordingly, class certification is

25  proper under Rule 23(b)(1)(B).

26

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

1    **VI.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN**

2           In order to satisfy due process considerations, notice to class members must be

3    "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

4    of the action and afford them an opportunity to present their objections." *Mullane v. Cent.*

5    *Hanover Bank Tr. Co.*, 339 U.S. 306, 314 (1950) (citation omitted). Here, the proposed form and

6    method of Notice satisfy all due process considerations and Rule 23(e)(1). The proposed Class

7    Notice describes the lawsuit in plain English, including the terms of the proposed Settlement, the

8    considerations that caused Plaintiff and Class Counsel to conclude that the Settlement is fair and

9    adequate, the attorneys' fees and expenses, plus costs, that are being sought; the procedure for

10   objecting to the Settlement, and the date and place of the Fairness Hearing. *See* SA at Ex. B.

11          The method for distributing the Notice is also designed to reach all Class members. *See*

12   *Mullane*, 339 U.S. at 315 (Holding that a "fundamental requirement of due process [is]… to

13   apprise interested parties of the pendency of the action and afford them an opportunity to present

14   their objections") (citation omitted). With the Court's approval, the Class Notice will be sent—

15   either electronically to their designated email address, or in paper form to the (last known)

16   address they provided to Defendants— within 30 days of an entry of a Preliminary Approval

17   Order. *See* SA at § 2.10(a). The Notice Plan also requires the Claims Administrator to send

18   follow-up mailings to any Class Members whose notice letters are returned because they no

19   longer reside at such address. *Id.*. In addition, the Settlement Agreement, Class Notice, the

20   Complaint and various other documents from the case will be published on the Settlement

21   Website. *Id.* at § 2.12. Thus, the proposed notice plan will fairly apprise Class Members of the

22   Settlement Agreement and their options with respect thereto, and therefore fully satisfy due

23   process requirements. *See Newberg on Class Actions*, Vol. 3, §§ 8:12, 8:15, 8:28, 8:33 (5th ed.

24   2014).

25   **VII.    PROPOSED SCHEDULE**

26          The proposed schedule for final approval of the Settlement is based on the need to

27   provide the Settlement Class with fair notice and opportunity to be heard, as well as to provide

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 21 -

notice to appropriate federal and state officials, as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

The Settlement requires that notice be given to Class Members after the Court enters a Preliminary Approval Order. *See* SA at § 2.10. Class members should have at least forty-five (45) days following notice to decide whether or not to object to the Settlement, and should have the ability to review Plaintiff's Motion for Final Approval and supporting papers prior to that date. Accordingly, the Parties propose that the Fairness Hearing be scheduled at least one hundred ten (110) days after the issuance of the Preliminary Approval Order, with Plaintiff's Motion for Final Approval and for attorneys' fees and expenses due thirty (30) days prior to the Fairness Hearing. Objections should be submitted no later than fourteen (14) days before the Fairness Hearing and responses to objections submitted no later than seven (7) days before the Fairness Hearing. The Parties propose that the Fairness Hearing occur as soon after the 110th day from entry of the Preliminary Approval Order as the Court can accommodate. Below is the proposed schedule in chart form:

| Action | Date |
| --- | --- |
| Providence to provide Settlement Administrator with Class Members' names and contact information | Fourteen (14) days after Preliminary Approval Order |
| Settlement Administrator creates Settlement Website | Within thirty (30) days after Preliminary Approval Order |
| Email or Mail Settlement Notice | Within thirty (30) days after Preliminary Approval Order |
| Plaintiff's Motions for (i) Final Approval, and (ii) Attorneys' Fees, Expenses, and a Case Contribution Award | No later than thirty (30) days before the Fairness Hearing |
| Objections to the Settlement and notice of the intention to appear at Fairness Hearing | No later than fourteen (14) days before the Fairness Hearing |

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

| Responses to objections | No later than seven (7) days before the Fairness Hearing |
|---|---|
| Fairness Hearing | At least 110 days after Preliminary Approval Order |

## VIII.   CONCLUSION

For the reasons set forth above, the Settlement meets the standard for preliminary approval under Rule 23. Accordingly, proposed Class Counsel respectfully request an Order: (1) preliminarily approving the Settlement; (2) preliminarily certifying the proposed Classes; (3) appointing Bailey & Glasser LLP; Izard, Kindall & Raabe, LLP; Kessler Topaz Meltzer Check, LLP as Co-Lead Class Counsel; and Clifford A. Cantor as Liaison Counsel pursuant to Rule 23(g); (4) appointing Jenny M. Johnson as Class Representative; (5) approving the form and manner of notifying the Class of the Settlement; and (6) setting a date for a Fairness Hearing.

Dated: January 25, 2019

Respectfully submitted,

By: */s/ Cliff Cantor*
Clifford A Cantor. WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel:   (425) 868-7813
Fax:   (425) 732-3752
Email: cliff.cantor@outlook.com

Mark P. Kindall, *pro hac vice*
Douglas P. Needham, *pro hac vice* pending
IZARD KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel:   (860) 493-6292
Fax:   (860) 493-6290
Email: mkindall@ikrlaw.com

Gregory Y. Porter, *pro hac vice*
Mark G. Boyko, *pro hac vice*
BAILEY & GLASSER LLP
8012 Bonhomme Ave. Suite 300
Clayton, MO 63105

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 23 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

Tel:     (314) 863-5446
Fax:     (314) 863-5483
Email: gporter@baileyglasser.com
          mboyko@baileyglasser.com

Mark K. Gyandoh, *pro hac vice*
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Rd.
Radnor, PA 19087
Tel:     (610) 667-7706
Fax:     (610) 667-7056
Email: mgyandoh@htmc.com

Attorneys for Plaintiff Johnson

Certificate of Service

I certify that, on the date stamped above, I caused this document and its accompanying declaration, exhibits, and proposed order to be filed with the Clerk of the Court using the CM/ECF system, which will cause notification of filing to be emailed to counsel of record for all parties.

s/ *Cliff Cantor*, WSBA # 17893

PL.'S MOT. FOR PRELIM. APPROVAL
No. C17-1779 JCC

- 24 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752