UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNY JOHNSON, individually and on behalf of a class of persons similarly situated, and on behalf of the Providence Health & Service 403(b) Value Plan,<br><br>Plaintiff,<br>v.<br><br>PROVIDENCE HEALTH & SERVICES, *et al.*,<br><br>Defendants. | CASE NO. C17-1779-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's unopposed motion for preliminary approval of class settlement (Dkt. No. 55). This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, with respect to Defendant Providence Health & Services' management of its employer-sponsored retirement plans.

The Court having received and considered the Unopposed Motion for a Preliminary Approval Order (the "Motion") (Dkt. No. 55) by Plaintiff Jenny M. Johnson ("Plaintiff" or "Named Plaintiff") in the above-captioned action (the "Action") and supporting papers, including the Class Action Settlement Agreement and Release dated January 25, 2019 (the "Settlement Agreement") and the declarations of counsel, having further considered the

arguments of counsel and the pleadings and record in this case, and finding good cause for granting the Motion, ORDERS as follows:

1. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2. This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3. Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4. The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the hearing conducted pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive final approval by the Court, as provided for below (the "Fairness Hearing"). Having considered the terms of the Settlement and the submissions in support of preliminary approval, the Court determines, in accordance with Federal Rule of Civil Procedure 23(e)(1)(B), that it is likely that the Court will be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2) following notice and a hearing, and will be able to certify the class for purposes of judgment on the proposal. The Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Fairness Hearing, and the mailing of notices to Settlement Class Members, each as provided for in this Order. The Court further finds that the formula proposed by Plaintiff and Class Counsel for allocating the Distributable Settlement Amount among Settlement Class Members is fair and reasonable.

5. The Court approves the retention by Class Counsel of Rust Consulting as the Settlement Administrator.

6. In further aid of the Court's jurisdiction to review, consider, implement, and enforce the settlement, the Court orders that Plaintiff and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims, including the Unknown Claims.

7. The Court approves the Notice of Proposed Class Action Settlement ("Notice") in substantially the form attached as Exhibit B to the Settlement Agreement.

## **Class Certification for Settlement Purposes**

8. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1), the Court certifies, solely for the purposes of effectuating the proposed Settlement on a non-opt-out basis, the following Settlement Class: All Current and Former Participants in the Providence Health & Services 401(a) Service Plan (the "401(a) Plan"), the Providence Health & Services Multiple Employer 401(k) Plan (the "401(k) Plan"), the Providence Health & Services 403(b) Value Plan (the "403(b) Plan"), or in any plan merged into the 401(a), 401(k), or 403(b) Plans, or in any successor plan into which 401(a), 401(k), or 403(b) Plans may be merged (collectively, the "Plans"), who maintained a balance of any amount in the Plans from November 28, 2011 to the date of entry of the Preliminary Approval Order.

9. Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to the Federal Rules of

Civil Procedure Rule 23(a) has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Named Plaintiff are typical of the claims of the Settlement Class; (d) Named Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of the Settlement Class. With respect to the Settlement Class, the Court finds that the requirements of Rules 23(b)(1)(A) and 23(b)(1)(B) have been met. Prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action. Monetary relief ordered as a result of any one action by an individual class member would alter the Plans for all class members, impairing or impeding those other members' ability to prosecute their interests.

10. The Court hereby finds and concludes that pursuant to Federal Rule of Procedure 23, and for the purposes of the Settlement only, Plaintiff is an adequate class representative and certifies her as Class Representative for the Settlement Class. The Court also appoints Plaintiff's Counsel as Class Counsel for the Settlement Class.

**Manner of Giving Notice**

11. Upon request of the Settlement Administrator and within a reasonable period before the issuance of the Notice, Defendants shall provide the Settlement Administrator with the names and last known addresses and email addresses (if available) of the Settlement Class Members. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

12. Within thirty (30) days after entry of this Order, the Settlement Administrator shall cause copies of the Notice to be sent by first-class mail or electronic mail (if available) to all Settlement Class Members through the notice procedure described in the Settlement Agreement.

13. Not later than seven (7) business days after sending the Notice to Settlement Class Members, the Settlement Administrator shall provide to Class Counsel and to Defendants' Counsel a declaration attesting to compliance with the sending of the Notice, as set forth above.

14. The Court FINDS that the notice to be provided as set forth in this Order is the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

15. All reasonable costs incurred by the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

### **Fairness Hearing**

16. The Court will hold a settlement hearing (the "Fairness Hearing") on July 9, 2019 at 9:00 a.m. in Courtroom 16229 of the United States District Court for the Western District of Washington, located at 700 Stewart Street, Seattle, Washington 98101, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether a

Judgment substantially in the form attached as Exhibit A to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Members; (c) to determine whether the proposed Plan of Allocation (attached as Exhibit C to the Settlement Agreement) for the Distributable Settlement Amount is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorney fees and reimbursement of litigation expenses and for a Case Contribution Award should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Fairness Hearing shall be given to Settlement Class Members as set forth in Paragraph 12 of this Order.

17. The Court may adjourn the Fairness Hearing and approve the proposed Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

18. Not later than 30 days before the Fairness Hearing, Class Counsel shall submit their papers in support of final approval of the Settlement Agreement, and of Class Counsel's applications for attorney fees and reimbursement of litigation expenses, and a Case Contribution Award.

**Objections to the Settlement**

19. The Court will consider written comments and objections to the Settlement Agreement, to the proposed award of attorney fees and reimbursement of litigation expenses, or to the request for a Case Contribution Award for the Plaintiff only if such written comments or objections are filed with the Court Clerk not later than 15 days before the Fairness Hearing and comply with the requirements of Paragraph 20 below. As directed in the Notice, Settlement

Class Members will submit any objections to the Settlement Administrator, who will promptly forward any objections to Class Counsel and Defendants' Counsel at the following email addresses:

> To Class Counsel:
>
> > Gregory Y. Porter
> > Bailey & Glasser, LLP
> > gporter@baileyglasser.com
>
> To Defendants' Counsel:
>
> > Brian D. Boyle
> > O'Melveny & Myers LLP
> > bboyle@omm.com

Class Counsel will file a copy of any objections with the Court at the following address:

> United States District Court
> Western District of Washington
> Seattle Division
> 700 Stewart Street, Suite 2310
> Seattle, WA 98101
> Re: *Johnson v. Providence Health & Servs., et al.*, Case No.: C17-1779-JCC

The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court and include all of the following: (a) the name and case number of the Action; (b) the Settlement Class Member's full name, address, telephone number, and signature; (c) a statement that the person submitting the comments or objections is a Settlement Class Member and an explanation of the basis upon which the person claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Settlement Class Member or his or her counsel intends to personally appear and/or testify at the Fairness Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection. Any member of

the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an order from the Court.  The Named Plaintiff or Defendants may, bearing the cost, take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

20. Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense.  Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendants' Counsel (at the email addresses set out above) and file it with the Court Clerk no later than 15 days before the Fairness Hearing.  Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown.  Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

21. The Parties may file written responses to any objections no later than 7 days before the Fairness Hearing.

**Termination of Settlement**

22. This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be deemed to have reverted to their respective status in the Action as of November 7, 2018, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

**Use of Order**

23. This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties. This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Defendant of, wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable; (e) shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendants specifically deny any fault, breach, liability, or wrongdoing.

### Jurisdiction

24. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE