The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNY M. JOHNSON, individually and on behalf of a class of persons similarly situated, and on behalf of the Providence Health & Services 403(b) Value Plan, the Providence Health & Services Multiple Employer 401(k) Plan, and the Providence Health & Services 401(a) Service Plan,

Plaintiff,

v.

PROVIDENCE HEALTH & SERVICES, PROVIDENCE HEALTH & SERVICES HUMAN RESOURCES COMMITTEE, THE RETIREMENT PLANS COMMITTEE, THE INVESTMENT REVIEW COMMITTEE and JOHN AND JANE DOES #1-25,

Defendants.

No. C17-1779 JCC

**PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND A LEAD PLAINTIFF CASE CONTRIBUTION AWARD**

NOTE ON MOTION CALENDAR:
Tuesday, July 9, 2019

ORAL ARGUMENT REQUESTED



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

**TABLE OF CONTENTS**

I. INTRODUCTION ....1

II. ARGUMENT ....1

A. The Plaintiff's Attorneys' Fee Request Is Reasonable and Appropriate ....1

1. The Court Should Award Attorneys' Fees Based on a Percentage of the Settlement ....1

2. A Fee Equal to 25 Percent of the Common Settlement Fund is Fair ....2

a. The Results Achieved ....3

b. The Riskiness & Burden of Representation Where Payment of Fees and Expenses Was Wholly Contingent ....4

c. The Complexity of the Case ....5

d. Counsels' Skill, Experience and Effort ....6

e. Reaction of the Class ....7

3. A Lodestar Crosscheck Confirms That a 25 Percent Fee Award is Fair and Reasonable ....8

4. Taking All Relevant Factors into Account, the Requested 25 Percent Fee is Fair and Reasonable ....10

B. The Requested Litigation Expenses Are Reasonable ....10

C. Plaintiff Should Receive a Case Contribution Award ....11

III. CONCLUSION ....12



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Lightolier Inc.*, 50 F.3d 1204 (3d Cir. 1995) .......... 10

*Alberto v. GMRI, Inc.*, No. CIV 07-1895 WBS DAD, 2008 WL 4891201 (E.D. Cal. Nov. 12, 2008) .......... 2, 3, 5, 6, 10

*Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432 (S.D. Ill. Jan 31, 2014) .......... 12

*City of Burlington v. Dague*, 505 U.S. 557 (1992) .......... 9

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997 (9th Cir. 2002) .......... 4, 10

*Gudimetla v. Ambow Educ. Holding*, No. 12-5062, 2015 WL 12752443 (C.D. Cal. Mar. 16, 2015) .......... 4

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) .......... 10

*HCL Partners Ltd. P'ship v. Leap Wireless Int'l, Inc.*, No. 07 CV 2245 MMA, 2010 WL 4156342 (S.D. Cal. Oct. 15, 2010) .......... 8

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......... 3

*Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) .......... 9

*In re Activision Sec. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989) .......... 2

*In re Apple Computer*, *Inc. Derivative Litig.*, No. C 06-4128 JF (HRL), 2008 WL 4820784 (N.D. Cal. Nov. 5, 2008) .......... 6

*In re Biolase, Inc. Sec. Litig.*, No. 13-1300, 2015 WL 12720318 (C.D. Cal. Oct. 13, 2015) .......... 3

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) .......... 2, 8, 9

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602 (9th Cir. 1997) .......... 10

*In re Estate of Cooper*, 81 Wash. App. 79 (1996) .......... 5

*In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995) .......... 8

*In re Heritage Bond Litig.*, No. 02-1475, 2005 WL 1594403 (C.D. Cal. June 10, 2005) .......... 4, 5, 6, 7



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*In re LJ Int'l Inc. Sec. Litig.*, No. 07-6076, 2009 WL 10669955 (C.D. Cal. Oct. 19, 2009).................................................................. 4

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008)................................. 2, 3, 4

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ......................... 1, 3, 8, 10

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th Cir. 1994).......................... 1, 4

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 1917, 2016 WL 4126533 (N.D. Cal. Aug. 3, 2016) .................................................................... 6

*Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB, 2011 WL 782244 (N.D. Cal. Mar. 1, 2011) ..... 5

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)...................................................... 9

*Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir. 1986).................................................................... 2

*Krueger v. Ameriprise Financial, Inc.*, No. 11-2781, 2015 WL 4246879 (D. Minn. July 13, 2015) .................................................................... 6

*Mark v. Valley Ins. Co.*, No. CV, 01-1575-BR, 2005 WL 1334374 (D. Or. May 31, 2005)...... 5, 7

*In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592 (N.D. Cal. Jul. 6, 2011) ................................................................. 6, 7

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) ........................................................................... 1, 2, 3

*Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322 (W.D. Wash. 2009) ................................... 12

*Radcliffe v. Experian Info. Sys., Inc.*, 715 F.3d 1157 (9th Cir. 2013).......................................... 11

*Ralston v. Mortgage Inv'rs Grp., Inc.*, No. 508CV00536JFPSG, 2013 WL 5290240 (N.D. Cal. Sept. 19, 2013) ............................................................... 10

*Richardson v. THD At-Home Servs., Inc.*, No. 1:14-CV-0273-BAM, 2016 WL 1366952 (E.D. Cal. Apr. 6, 2016)..................................................................... 5

*Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012) ............................................................. 2

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ............................................... 3, 12

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990)........................ 3

*Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734 (9th Cir. 2016) ......................................... 8, 10

*Staton v. Boeing*, 327 F.3d 938 (9th Cir. 1992)...................................................................... 11



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Steiner v. Am. Broad. Co.*, 248 F. App'x 780 (9th Cir. 2007) ........ 9

*Stetson v. Grissom*, 821 F.3d 1157 (9th Cir. 2016) ........ 8, 9

*Syed v. M-I LLC*, 2016 WL 310135 (E.D. Cal. Jan. 26, 2016) ........ 2, 3, 9, 10

*Tussey v. ABB, Inc.*, 850 F.3d 951 (8th Cir. 2017) ........ 6

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ........ 2, 3, 8, 9

*Wade v. Minatta Transp. Co.*, No. C10-2796 BZ, 2012 WL 300397 (N.D. Cal. Feb. 1, 2012) ........ 3

*Waldbuesser v. Northrop Grumman Corp.*, No. CV 06-6213-AB (JCX), 2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) ........ 12

*White v. Chevron Corp.*, No. 16-793, 2017 WL 2352137 (N.D. Cal. May 31, 2017) ........ 5

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (Fourth) § 14.121 (2004) ........ 2



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

## I. INTRODUCTION

Plaintiff Jenny M. Johnson ("Plaintiff") brought this case to challenge Defendants' management decisions regarding several retirement Plans (the "Plans"). Defendants have now agreed to settle the case for $2.25 million, which represents approximately 45 percent of the damages Plaintiff estimates she could achieve at trial. This is a very good result for the Class, achieved through the commitment of time and effort by Plaintiff as well as the hard work, skill and persistence of Interim Class Counsel Bailey & Glasser, LLP ("B&G"), Izard, Kindall & Raabe LLP ("IKR"), Kessler Topaz Meltzer & Check, LLP ("KTMC"), supported by Clifford Cantor, acting as liaison counsel (collectively, the four firms will be referred to throughout this brief as "Plaintiff's counsel").

Plaintiff requests that the Court approve an award of attorneys equal to 25 percent of the $2.25 million settlement fund, plus payment of litigation expenses in the amount of $32,000, to be paid from the Settlement Fund. In addition, Plaintiff requests that the Court approve a modest case contribution award to Plaintiff Johnson in the amount of $3,000, also to be paid from the Settlement Fund, for her time and effort on behalf of the Settlement Class.

## II. ARGUMENT

### A. The Plaintiff's Attorneys' Fee Request Is Reasonable and Appropriate

A "lawyer who creates a common fund" is entitled to fees from "those upon whom he has conferred a benefit." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989). The guiding principle for determining the amount of a fee award in a common-fund case is that the fee should be "reasonable under the circumstances." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) ("*WPPSS*") (citation omitted).

#### 1. The Court Should Award Attorneys' Fees Based on a Percentage of the Settlement

Courts in the Ninth Circuit may award attorneys' fees in common fund cases based on either the lodestar method or the percentage-of-recovery method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). However, most courts use the percentage-of-



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

the-fund method.[1] This method is particularly appropriate "where, as here, 'the benefit to the class is easily quantified.'" *Syed v. M-I LLC*, 2016 WL 310135, at * 9 (E.D. Cal. Jan. 26, 2016) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

The Court should use the percentage-of-the-fund method here. Percentage approaches are the standard contingent-fee arrangements in non-class action cases, and thus, the percentage approach best emulates the real-world market value of attorney's services that are provided on a contingent basis, and properly align the interests of the attorney and the client in achieving the maximum recovery in shortest possible time. *See Kirchoff v. Flynn*, 786 F.2d 320, 325-26 and 328 (7th Cir. 1986). Moreover, the "lodestar method is difficult to apply, time-consuming to administer, inconsistent in result, and capable of manipulation" and "creates inherent incentive to prolong the litigation until sufficient hours have been expended." MANUAL FOR COMPLEX LITIGATION (Fourth) § 14.121 (2004); *see also Vizcaino*, 290 F.3d at 1050 n.5 ("[I]t is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee . . . ."); *Syed*, 2016 WL 310135, at * 9 (use of the percentage method avoids "'the often more time-consuming task of calculating the lodestar'") (quoting *Bluetooth*, 654 F.3d at 942).

**2. A Fee Equal to 25 Percent of the Common Settlement Fund is Fair**

In the Ninth Circuit, "usual range" for a percentage award of attorneys' fees in a common fund case is 20-30 percent. *Vizcaino*, 290 F.3d at 1047. The midpoint of the range is the "benchmark" (*id.*), which can be adjusted upwards or downwards "to account for any unusual circumstances involved in [the] case." *Alberto v. GMRI, Inc.*, No. CIV 07-1895 WBS DAD, 2008 WL 4891201, at *11 (E.D. Cal. Nov. 12, 2008) (quoting *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *see also Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir.

---

[1] *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (stating "use of the percentage method in common fund cases appears to be dominant" and its "advantages . . . have been described thoroughly by other courts."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (approving use of percentage method); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) ("this court concludes that in class action common fund cases the better practice is to set a percentage fee").



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

2012); *Online DVD-Rental Antitrust Litig.*, 779 F.3d at 949 (noting that the Ninth Circuit has established a 25 percent benchmark); *Wade v. Minatta Transp. Co.*, No. C10-2796 BZ, 2012 WL 300397, at *1 (N.D. Cal. Feb. 1, 2012) ("courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, and must provide adequate explanation in the record of any 'special circumstances' justifying a departure.") (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)).

The Ninth Circuit has considered a number of factors in determining the reasonableness of a percentage fee award, including the result achieved, customary fees awarded in similar cases, the riskiness of the representation to class counsel and the burden of contingent representation. *See Vizcaino*, 290 F.3d at 1048-50; *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015). Courts also consider the reaction to the class to the fee request (*Syed*, 2016 WL 310135, at * 9), the complexity of the case and counsel's skill, experience and effort. *Alberto*, 2008 WL 4891201, at *11. Evaluation of these factors supports a 25% fee award in this case.

**a. The Results Achieved**

One of the most important factors in determining the reasonableness of a fee is the result achieved for the class. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained"); *Vizcaino,* 290 F.3d at 1048. Here, based on Plaintiff's counsel's review of documents and information obtained in discovery and analyses by Plaintiff's damages expert, the maximum amount of damages Plaintiff would be able to establish at trial for the Plans was unlikely to exceed $5,000,000. Porter Decl. at ¶ 8. Thus, the Settlement represents approximately 45% of the Class's maximum potential damages. *Id.* at ¶ 9. This recovery is substantially higher than percentage recoveries approved by other courts in this circuit,[2] and represents a good recovery for the Class.

[2] *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964-65 (9th Cir. 2009) (approving a 10% recovery in an antitrust case); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) ("just over 9% of the maximum potential recovery" was "reasonable"); *In re Biolase, Inc. Sec. Litig.*, No. 13-1300, 2015 WL 12720318, at *4 (C.D. Cal. Oct. 13, 2015) (concluding



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

**b. The Riskiness & Burden of Representation Where Payment of Fees and Expenses Was Wholly Contingent**

In addition to the risks associated with complex litigation, "the risk of non-payment or reimbursement of expenses [in cases undertaken on a contingent basis] is a factor in determining the appropriateness of counsel's fee award." *In re Heritage Bond Litig.*, No. 02-1475, 2005 WL 1594403, at *21 (C.D. Cal. June 10, 2005); *see also In re Omnivision Techs.*, 559 F. Supp. 2d at 1047; *WPPSS,* 19 F.3d at 1299-301. Contingent fees that may far exceed the market value of the services rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose. *WPPSS,* 19 F.3d at 1299. "This provides the 'necessary incentive' for attorneys to bring actions to protect individual rights and to enforce public policies" *Fischel v. Equitable Life Assur. Soc'y of U.S.,* 307 F.3d 997, 1007 (9th Cir. 2002).

Here, Plaintiff's Counsel have spent two years and devoted over 900 hours of professional time investigating, crafting briefs and arguments, engaging in discovery, reviewing documents, retaining and consulting experts, negotiating, mediating, and finally settling this case. Porter Decl. at ¶¶ 5-9. In that time, they have never been paid for their work on the class action here, taking the case on a wholly contingent basis. Instead, they faced the very real risk, in the face of staunch opposition from highly qualified defense counsel, that they would receive nothing for the $500,000 worth of professional time spent, and over $32,000 in cash outlays they invested in the case.

Moreover, while there may be class action cases where the risk of non-payment is slight, this case is most definitely not among them. As discussed more fully in Plaintiff's Memorandum of Law in Support of Final Approval of Class Action Settlement, breach of fiduciary duty claims under ERISA and Washington law alike depend heavily on the process by which decisions were

---

8% recovery was fair, reasonable, and adequate"); *Gudimetla v. Ambow Educ. Holding*, No. 12-5062, 2015 WL 12752443, at *5 (C.D. Cal. Mar. 16, 2015) (approving class action settlement where recovery was only 5.6% of estimated damages); *In re LJ Int'l Inc. Sec. Litig.*, No. 07-6076, 2009 WL 10669955, at *4 (C.D. Cal. Oct. 19, 2009) (approving class action settlement where recovery was only 4.5% of maximum possible recovery).



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

made rather than the results of those decisions.[3] Here, the minutes and materials from the committee meetings showed that Defendants evaluated various fund options and, at certain times, removed funds from the Plans' lineups (though not ***all*** of the allegedly imprudent funds). Porter Decl. at ¶ 10. Thus, while the issue was not clear-cut, Plaintiff faced significant challenges to establish liability. *Id*. Similarly, Plaintiff's ability to prove damages also faced risks. The Plans' use of revenue sharing offset higher recordkeeper fees, making it harder for Plaintiff to prove the entire amount of her claimed damages. *Id*. at ¶¶ 10. Some funds in the Plans performed well during the proposed Class Period, outperforming their benchmarks and peer group, and even some of the funds Plaintiff alleged were imprudent had particular years where they performed well, even accounting for the revenue sharing. *Id.* These factors made Plaintiff's claims more difficult to prove – and for her to reach her maximum amount of damages.

In short, this was a high-risk case for Plaintiff and – accordingly – for Plaintiff's counsel. From the outset of the case to its conclusion, there was a very real possibility that counsel would not receive any fees, or the reimbursement of any expenses, invested in the case. Accordingly, this factor supports the award of the requested fee. Indeed, courts have found that the cases brought purely on a contingency basis justify an ***upward*** adjustment to the 25 percent benchmark.[4]

**c. The Complexity of the Case**

As courts have recognized, "the novelty, difficulty and complexity of the issues involved are significant factors in determining a fee award." *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *20 (C.D. Cal. June 10, 2005); *accord*, *Alberto,* 2008 WL 4891201, at *11 (citing *Heritage Bond*). Counsel "should not be penalized for undertaking a case which may

[3] *See White v. Chevron Corp.*, No. 16-793, 2017 WL 2352137, at *4 (N.D. Cal. May 31, 2017), *aff'd*, No. 17-16208, 2018 WL 5919670 (9th Cir. Nov. 13, 2018) (finding the "prudence analysis focuses a fiduciary's 'conduct in arriving at an investment decision, not on its results, and ask[s] whether a fiduciary employed the appropriate methods to investigate and determine the merits of a particular investment.'"); *see also In re Estate of Cooper*, 81 Wash. App. 79, 88 (1996) (a court's focus is on a fiduciary's conduct, "not the result").

[4] *See, e.g., Richardson v. THD At-Home Servs., Inc.,* No. 1:14-CV-0273-BAM, 2016 WL 1366952, at *12 (E.D. Cal. Apr. 6, 2016); *Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB, 2011 WL 782244, at *2 (N.D. Cal. Mar. 1, 2011); *Mark v. Valley Ins. Co.*, No. CV 01-1575-BR, 2005 WL 1334374, at *2 (D. Or. May 31, 2005).



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

'make new law,' [but] appropriately compensated for accepting the challenge." *Heritage Bond*, 2005 WL 1594403, at *20 (internal quotation and citation omitted).

ERISA 401(k) fiduciary breach class action alleging inclusion of imprudent proprietary funds in a 401(k) plan "is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation," *Krueger v. Ameriprise Financial, Inc.*, No. 11-2781, 2015 WL 4246879, at *1 (D. Minn. July 13, 2015) (approving one-third fee request), requiring counsel for a putative class to bear substantial litigation risk for a prolonged period. While some ERISA fiduciary breach cases concerning the selection and monitoring of plan investment options have settled, others have been dismissed entirely or have resulted in protracted legal battles even after findings of liability. In *Tussey v. ABB, Inc.*, an ERISA fiduciary breach case brought in 2006 concerning the inclusion of allegedly imprudent investment options, a decade of litigation, four weeks of trial, and a 2012 verdict for the plaintiffs has, thus far, resulted in two appeals and continued litigation, with no payments yet to the class or their counsel. *See Tussey v. ABB, Inc.*, 850 F.3d 951 (8th Cir. 2017).

Courts have often found that complex cases merit an upward adjustment to the 25 percent benchmark. *In re: Cathode Ray Tube (CRT) Antitrust Litig*., No. 1917, 2016 WL 4126533, at *5 (N.D. Cal. Aug. 3, 2016); *In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011); *In re Apple Computer, Inc. Derivative Litig.*, No. C 06-4128 JF (HRL), 2008 WL 4820784, at *4 (N.D. Cal. Nov. 5, 2008). Certainly a complex case such as this one does not merit any reduction to the requested fee.

**d. Counsels' Skill, Experience and Effort**

Counsel's skill, experience and effort may also be an appropriate factor for consideration in determining a fee. *Alberto*, 2008 WL 4891201, at *11. Here, Class Counsel collectively invested over 900 hours in the case over two years, and brought skill and experience to the litigation. B&G has considerable expertise in ERISA fiduciary breach lawsuits, including cases involving overcharges in defined contribution plans, including *Jessop v. Larsen*, 14-cv-00916 (D. Utah) (employee stock ownership plan settlement with trustee and individual defendants for $19.8



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

million) and *Diebold v. Northern Trust Investments, N.A.*, 09-cv-1934 (as co-lead counsel, secured a $36 million cash settlement on behalf of hundreds of ERISA retirement plans who complained about mismanagement of class collateral pools. IKR has served as lead or co-lead counsel in many large ERISA class actions, including cases against AT&T, AOL Time Warner, Cardinal Health, JDS Uniphase, Merck, Sprint, Tyco International, JP Morgan Chase and Eastman Kodak, and KTMC [fill in].[5]

Moreover, it is impossible to evaluate the skill, experience and resources required for plaintiffs to prosecute this litigation to a successful conclusion after two years of litigation without taking into account the quality, skill and resources brought to bear by Defendant and its counsel. *See, e.g.*, *Mark v. Valley Ins. Co.*, No. CV 01-1575-BR, 2005 WL 1334374, at *2 (D. Or. May 31, 2005) (noting defendants' counsel's "high quality of work in defense of the action."). Defendants in this action are represented by O'Melveny & Myers, "an international, 800-lawyer firm with 15 offices in the world's financial and political centers." *See* https://www.omm.com/our-firm/history.

Taking into account the skill, experience and resources this case required, counsel's request for the "benchmark" fee is fair and reasonable. Again, courts have often found that this factor warrants the award of a fee in excess of the 25% benchmark. *Nuvelo*, 2011 WL 2650592, at *3; *Heritage Bond*, 2005 WL 1594403, at *19 ("prosecution and management of a complex national class action requires unique legal skills and abilities" weighing in favor of an increased fee).

**e. Reaction of the Class**

Rust Consulting ("Rust") was retained by the parties to administer the Settlement and provide notice in accordance with the terms of the Preliminary Approval Order. Rust provided email and first-class mail notice to over 165,000 class members on April 10, 2019. Declaration of Abigail Schwartz ("Schwartz Decl."), filed as Exhibit 3 to the Porter Declaration, at ¶ 14. The

---

[5] B&G and IKR are currently litigating a case involving 401(k) plan overcharges against Franklin Resources, Inc., and B&G, IKR and KTMC are currently working together on additional 401(k) overcharge cases involving Edward Jones and Allina Health System. A copy of B&G's resume is attached to the Declaration of Gregory Y. Porter (as Exhibit 2); IKR's resume is attached as Exhibit A to the Declaration of Mark P. Kindall, and KTMC's firm resume is attached as Exhibit A to the Declaration of Mark K. Gyandoh for KTMC.



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Class Notice approved by the Court specifically informed class members that "Class Counsel will file a motion with the Court seeking approval of payment from the Settlement Fund of the expenses they incurred in prosecuting the case not to exceed $32,000, [and] reasonable attorneys' fees not to exceed 25% of the Settlement . . . ." Exhibit B to the Settlement Agreement, which is attached to the Porter Declaration as Exhibit 1.

Since the deadline for opting out or objecting is June 24, 2019 – a date that was chosen to give class members ample time to review this motion, as well as the final approval motion, and all supporting papers – it is premature to make a final determination on whether any class members will file an objection. However, in the eight weeks that have elapsed since Rust sent out notice to the Class, only one class member has filed an objection to the Settlement, and the objection did not address attorneys' fees. Schwartz Decl. at ¶ 20 & Exh. E.

**3. A Lodestar Crosscheck Confirms That a 25 Percent Fee Award is Fair and Reasonable**

The Ninth Circuit has noted that a court can test the reasonableness of a requested percentage fee with "a crosscheck using the lodestar method." *Online DVD-Rental*, 779 F.3d at 949 (quoting *Bluetooth*, 654 F.3d at 945 and *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 n. 40 (3d Cir. 1995)). It is not a required methodology, especially where, as here, the requested fee is within the accepted benchmark. *HCL Partners Ltd. P'ship v. Leap Wireless Int'l, Inc.*, No. 07 CV 2245 MMA, 2010 WL 4156342, at *2 (S.D. Cal. Oct. 15, 2010). But it can provide a "useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at 1050.

Calculation of fees using the lodestar method begins by multiplying "a reasonable number of hours by a reasonable hourly rate". *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016). When this method is employed in common fund cases, a court "***must*** apply a risk multiplier to the lodestar 'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky.'" *Id.* at 1166 (emphasis in original) (quoting *Stanger v. China Elec. Motor, Inc.*, 812 F.3d



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

734, 741 (9th Cir. 2016)). In addition, the court "discretion to adjust the lodestar upwards or downwards using a mulitiplier that reflects a host of 'reasonableness' factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson*, 821 F.3d at 1166-67 (internal quotations and citations omitted). These are the so-called "*Kerr* factors," after *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)). *Stetson*, 821 F.3d at 1167.

As set forth in the declarations of Class Counsel and Liaison Counsel, counsel for plaintiffs devoted a total of 906.4 hours to this litigation, with a total lodestar amount of $501,834.75, calculated using counsel's regular rates.[6] The hours spent were reasonable and necessary to the prosecution of the litigation. The rates charged are consistent with those charged by other firms in the specialized field of nationwide ERISA class action work and have been approved by courts in numerous cases. Kindall Decl. ¶ 12. Moreover, the rates are reasonable in comparison to the firms that defend nationwide ERISA class action cases, including counsel for Defendants in this case. Kindall Decl. ¶ 13.

The requested fee of $556,250 is only about 12 percent higher than the lodestar, thus representing a lodestar multiplier of approximately 1.12. In common fund cases where the lodestar method is used calculate fees, lodestar multiples of 1-4 are common, and the majority have lodestar multiples in the range of 1.5-3. *Vizcaino*, 290 F.3d at 1051 and Appendix (collecting cases); *see also Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) (lodestar multiple of 6.85 was "well within the range" that Courts have allowed); *Hopkins v. Stryker Sales Corp.*, No. 11-

[6] Plaintiff's counsel have provided summaries of the hours worked and the billing rates for each of the attorneys who worked on the case, as well as firm resumes for Class Counsel and Liaison Counsel. Porter Decl., ¶¶ 17-20 & Exh. 2; Kindall Decl., ¶¶ 8-11 & Exh. A; Gyandoh Decl. ¶¶ 8-13 & Exh. A; Cantor Decl. ¶¶ 6-10 & Exh. A. Providing the Court with counsel's detailed hourly billing records would vitiate one of the primary advantages of the use of the percentage-fund-fund method for calculating fees, which is to spare courts "the often more time-consuming task of calculating the lodestar." *Syed*, 2016 WL 310135, at *9 (citing *Bluetooth*, 654 F.3d at 942). However, counsel will certainly provide any additional materials or briefing that the Court might find helpful in its consideration of these issues.



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

CV-02786-LHK, 2013 WL 496358, at *6 (N.D. Cal. Feb. 6, 2013) (awarding 2.76 lodestar multiple); *Ralston v. Mortgage Inv'rs Grp., Inc.*, No. 508CV00536JFPSG, 2013 WL 5290240, at *5 (N.D. Cal. Sept. 19, 2013) (approving 2.8 lodestar multiple). Accordingly, the lodestar crosscheck confirms that a benchmark award of 25 percent is fair and reasonable.

#### 4. Taking All Relevant Factors into Account, the Requested 25 Percent Fee is Fair and Reasonable

The Ninth Circuit has cautioned against the "mechanical or formulaic application" of any method of determining proper fees to award in class action cases. *Stanger*, 812 F.3d at 739 (quoting *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002) and *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997). Where counsel has not requested an upward adjustment to the benchmark fee and a consideration of the relevant facts and circumstances does not warrant a reduction from the benchmark, it is proper to apply it. *Online DVD-Rental*, 779 F.3d at *955. That is clearly the case here where, as discussed above, the relevant factors might support an ***increase*** in the benchmark and a lodestar crosscheck demonstrates that the requested fee produces a lodestar that is at the low end of the norm. Accordingly, Plaintiff respectfully requests that the Court award attorneys' fees of $562,500, representing 25 percent of the Settlement Fund.

### B. The Requested Litigation Expenses Are Reasonable

"'[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund.'" *Syed*, 2016 WL 310135, at * 9 (quoting *Alberto*, 2008 WL 4891201, at * 12). Expenses are compensable in common-fund cases when the expenses are of the type typically billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (out-of-pocket expenses recoverable where they "would normally be charged to a fee paying client.") (internal citation omitted); *see also Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (expenses recoverable if customary to bill clients for them).



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

The Class Notice indicated that Plaintiffs would seek "approval of payment from the Settlement Fund of the expenses they incurred in prosecuting the case not to exceed $32,000 . . . ." Plaintiff's Counsel expended more than that amount -- a total of $38,347.25 – for expenses that would "normally be charged to a fee-paying client," as shown in the table below:

| ***EXPENSE CATEGORY*** | ***TOTAL*** |
|---|---|
| Court Costs and filing fees | $2,086.00 |
| Photocopies & Printing (outside vendor) | $109.50 |
| Postage & Delivery | $31.22 |
| Experts | $28,115.00 |
| Research/discovery (includes PACER, out-of-subscription Westlaw, and electronic discovery database) | $5,197.77 |
| Out-of-State Travel Expenses | $2,807.76 |
| **TOTAL:** | **$38,347.25** |

Lawyers routinely bill all of these types of expenses to hourly clients. And, as Plaintiff's counsel detail in their affidavits, these expenses were necessary to the successful prosecution of this case. Porter Decl., ¶ 16; Kindall Decl., ¶ 7; Gyandoh Decl. ¶ 7; Cantor Decl. ¶ 5. Over 70 percent of the expenses, in fact, are attributable to payments for experts.

Because Plaintiff's counsel expended these costs on a contingent basis, they had no guarantee that they would ever be recovered. For this reason, the Court should presume they were necessary for the litigation. For all of these reasons, the Court should approve Plaintiff's Counsel's request for expense reimbursement of $32,000, the cap set in the Class Notice.

**C. Plaintiff Should Receive a Case Contribution Award**

As this Court recognized in its Preliminary Approval Order, the Ninth Circuit has approved the use of case contribution awards to lead plaintiffs in Class Actions, so long as the awards do not undermine the adequacy of the class representatives. ECF No. 63, at 8 (citing *Staton v. Boeing*, 327 F.3d 938, 977-78 (9th Cir. 1992) and *Radcliffe v. Experian Info. Sys., Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013)). The purpose of case contribution awards is to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Incentive awards are particularly appropriate today, since employers, banks, insurance companies and others often perform online research concerning potential employees or applicants for loans and other services, and the fact that someone is a plaintiff in a class action lawsuit is both easily discoverable through a simple Google search, and unlikely to be viewed positively. *See, e.g., Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432 (S.D. Ill. Jan 31, 2014) (approving $25,000 incentive awards to each Class Representative in ERISA 401(k) fee settlement because "ERISA litigation against an employee's current or former employer carries unique risks and fortitude, including alienation from employers or peers.").

Ms. Johnson, as the sole Named Plaintiff, was necessary for and integral to the litigation and the existence of any class recovery at all. Plaintiff actively worked with Class Counsel throughout the litigation; she searched her files for relevant records, obtained copies of documents concerning the Plan and provided information to counsel to assist in the preparation and initiation of this case, and regularly communicated with Class Counsel by telephone and email. Kindall Decl. ¶ 5. The $3,000 incentive payment requested here is modest and well within the range of what has been approved in other cases. *See, e.g., Waldbuesser v. Northrop Grumman Corp.*, No. CV 06-6213-AB (JCX), 2017 WL 9614818, at *8 (C.D. Cal. Oct. 24, 2017) (approving $25,000 incentive awards to each of four lead plaintiffs in ERISA excessive fee case); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 n. 9 (W.D. Wash. 2009) (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000). Moreover, the requested award represents only 0.1% of the Settlement Fund.

## III. CONCLUSION

For the reasons set forth above and in the supporting declarations and exhibits filed in support of this motion, Plaintiff requests that the Court approve Class Counsel's request for attorneys' fees and expenses, and grant the requests for a case contribution award.



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Dated: June 7, 2019

Respectfully submitted,

By: */s/ Cliff Cantor*
Clifford A Cantor. WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813
Fax: (425) 732-3752
Email: cliff.cantor@outlook.com

Mark P. Kindall, *pro hac vice*
Douglas P. Needham, *pro hac vice* pending
IZARD KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
Email: mkindall@ikrlaw.com

Gregory Y. Porter, *pro hac vice*
Mark G. Boyko, *pro hac vice*
BAILEY & GLASSER LLP
8012 Bonhomme Ave. Suite 300
Clayton, MO 63105
Tel: (314) 863-5446
Fax: (314) 863-5483
Email: gporter@baileyglasser.com
mboyko@baileyglasser.com

Mark K. Gyandoh, *pro hac vice*
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
Email: mgyandoh@htmc.com

Attorneys for Plaintiff Johnson

Certificate of Service

I certify that, on the date stamped above, I caused this document and its accompanying declaration, exhibits, and proposed order to be filed with the Clerk of the Court using the CM/ECF system, which will cause notification of filing to be emailed to counsel of record for all parties.

s/ *Cliff Cantor*, WSBA # 17893



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752