THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNY JOHNSON, individually and on behalf of a class of persons similarly situated, and on behalf of the Providence Health & Service 403(b) Value Plan, the Providence Health & Services Multiple Employer 401(k) Plan, and the Providence Health & Services 401(a) Service Plan,<br><br>  Plaintiff,<br>  v.<br><br>PROVIDENCE HEALTH & SERVICES, *et al.*,<br><br>  Defendants. | CASE NO. C17-1779-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for final approval of class settlement, certification of settlement classes, and approval of class notice (Dkt. No. 62) and motion for attorney fees, expenses and class contribution award (Dkt. No. 63). Having thoroughly considered the parties' briefing and the relevant record, and having held a class settlement fairness hearing on July 9, 2019, the Court finds oral argument unnecessary and hereby GRANTS the motions, and FINDS as follows:

WHEREAS, Jenny M. Johnson (the "Plaintiff") in the above-captioned lawsuit (the "Action") on her own behalf and on behalf of the Settlement Class and the Plans, and Defendants

Providence Health & Services and Providence Health & Services Human Resources Committee (the "Defendants"), have entered into a Class Action Settlement Agreement dated January 25, 2019 (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by Settlement Class Members on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement (Dkt. No. 64-1 at 2–29);

WHEREAS, by Order dated February 22, 2019 (the "Preliminary Approval Order"), this Court (1) conditionally certified the Settlement Class and appointed Class Counsel; (2) preliminarily approved the Settlement; (3) directed notice to Settlement Class Members and approved the Plan of Allocation and form and manner of Notice; (4) appointed a Settlement Administrator; (5) scheduled a Fairness Hearing; and (6) scheduled a hearing on Class Counsel's motion for Attorneys' Fees and Expenses and the payment of a Case Contribution Award;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on July 9, 2019 (the "Fairness Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit A to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Members; (c) whether the proposed Plan of Allocation (attached as Exhibit C to the Settlement Agreement) for the Distributable Settlement Amount is fair and reasonable and should be approved; (d) whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses and for a Case Contribution Award should be approved; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

WHEREAS, the Court having reviewed and considered Plaintiff's Motion for an Award of Attorneys' Fees and Expenses and a Lead Plaintiff Case Contribution Award, all papers filed and proceedings held in connection with both that Motion and the concurrently filed Motion for Final Approval, all oral and written comments received, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on January 25, 2019, including the Plan of Allocation submitted therewith; and (b) the Notice approved by the Court on February 22, 2019.

3. **Class Certification for Settlement Purposes:** The Court hereby affirms its determinations in the Preliminary Approval Order certifying, solely for the purposes of effectuating the proposed Settlement on a non-opt-out basis, the Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure with the following Settlement Class: All Current and Former Participants in the Providence Health & Services 401(a) Service Plan (the "401(a) Plan"), the Providence Health & Services Multiple Employer 401(k) Plan (the "401(k) Plan"), the Providence Health & Services 403(b) Value Plan (the "403(b) Plan"), or in any plan merged into the 401(a), 401(k) or 403(b) Plans, or in any successor plan into which 401(a), 401(k) or 403(b) Plans may be merged (collectively, the "Plans"), who maintained a

balance of any amount in the Plans from November 28, 2011 to the date of entry of the Preliminary Approval Order.

4. **<u>Adequacy of Representation:</u>** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiff as Class Representative for the Settlement Class and appointing Plaintiff's Counsel as Class Counsel for the Settlement Class and finding that the Settlement has satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

5. **<u>Notice:</u>** The Court finds that the dissemination of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise all Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and a Case Contribution Award, of their right to object to the Settlement, the Plan of Allocation and Class Counsel's motion for attorneys' fee and reimbursement of litigation expenses, and of their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

6. **<u>Final Settlement Approval and Dismissal of Claims:</u>** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects including, without limitation, the amount of the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action against Defendants by Settlement Class Members, and finds that the Settlement is, in all respects, fair, reasonable and adequate,

and is in the best interests of Plaintiff and the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Agreement.

7. As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in this Action against Defendants by Plaintiff and Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

8. **Binding Effect:** The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendants, Plaintiff and all Settlement Class Members, as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

9. **Releases:** The releases set forth in Section V of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraphs 1.12, 1.32 and 1.42 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, the Court orders that, as of the Effective Date:

    a) The Plaintiff, each Settlement Class Member (on behalf of themselves, their current and former beneficiaries, their representatives and successors-in-interest), and the Plans (by and through the Independent Fiduciary), shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Released Claims, including all Unknown Claims, against Defendants and Defendant Released Parties, and shall forever be enjoined from prosecuting any or all of the Released Claims, including any or all Unknown Claims, against Defendants and Defendant Released Parties, as more fully set forth in the Settlement Agreement; and

    b) The Company (on behalf of itself and its representatives and successors-in-interest) shall be deemed to have, and by operation of law and of this Judgment shall have

fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of Plaintiff, the Plans, the Settlement Class, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, in connection with the Action, as more fully set forth in the Settlement Agreement.

10. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendants by Settlement Class Members.

11. **No Admissions:** This Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, and the negotiations that led to the agreement in principle reached on or about October 30, 2018, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Settlement Agreement or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was, could have been, or may be asserted or the deficiency of any defense that has been, could have been, or may be asserted in this Action or in any litigation, or of any liability, negligence, fault, or other

wrongdoing of any kind by any of the Defendants; (b) shall not be offered against Plaintiff as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiff in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (c) shall not be construed against any of the Parties as an admission, concession, or presumption that the Settlement Amount represents the amount which could be or would have been recovered by the Settlement Class after trial with respect to their claims in the Action; (d) shall not be construed against the Plaintiff or any other plaintiff party that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants have or had meritorious defenses, or that damages recoverable by the Settlement Class would not have exceeded the Settlement Amount.

12. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and litigation expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; and (e) the Settlement Class Members for all matters relating to the Action.

13. **Modification of Settlement Agreement:** Without further approval from the Court, Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further

order of the Court, Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination:**  If the Settlement does not go into effect or is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

15. **Attorney Fees, Expenses, and Contribution Award:** It is appropriate to award fees from the Settlement Fund based on the percentage-of-recovery method.

16. A fee equal to 25 percent of the common settlement fund is fair and reasonable, taking into consideration (a) that the usual range for percentage awards in common fund cases in this Circuit is 20-30 percent, with the 25-percent midpoint in that range serving as the "benchmark;" (b) the results obtained in the settlement represent approximately 45% of the maximum damages that Plaintiff's damages expert determined might be awarded if Plaintiff prevailed completely at trial; (c) counsel took the case on a wholly contingent basis and bore the entire risk that they would receive no payment, or an underpayment, for their time and effort on behalf of the Class; (d) the case alleged the inclusion of imprudent proprietary funds in a 401(k) plan, a type of case that involves difficult and novel legal theories and complex fact patters, leading to lengthy litigation; (e) Class Counsel have considerable experience and demonstrated skill in complex ERISA class actions of this type; and (f) a lodestar crosscheck indicates that the requested fee is equal to a 1.12 multiple above Counsel's lodestar, which is reasonable in this type of case.

17. Counsel's request for a reimbursement of $32,000 in expenses is reasonable. Counsel's actual expenses, at $38,347.25, were higher than the cap set in the Settlement Agreement. The expenses are of the type typically billed by attorneys to paying clients in the

market, and are reasonable in amount.  As counsel bore the risk that they would not be reimbursed for these expenses if the litigation was unsuccessful, they had every incentive to ensure that no excessive expenses were incurred.

19. Accordingly, the Court awards Plaintiff's counsel $562,500 for attorneys' fees and $32,000 for reimbursement of expenses, and awards Plaintiff Jenny Johnson a case contribution award of $3,000.00, to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. **Entry of Final Judgment:**  There is no just reason to delay entry of this Judgment as a final judgment with respect to the claims asserted in the Action against Defendants by Settlement Class Members.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

DATED this 9th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE


18. Plaintiff Jenny Johnson's request for a case contribution award of $3,000 is reasonable and well within the range of what has been approved in similar cases.  She has spent time and effort on behalf of the Class, and no recovery would have been possible without her participation.